Simmons *vs.* Anderson.

56    53
94    346
56    53
e123  105

JAMES M. SIMMONS, plaintiff in error, *vs.* WILLIAM W. ANDERSON, defendant in error.

A waiver by a mortgagor, for himself and family, of all right to a homestead in the property mortgaged, is binding, though such right be conferred by the constitution.

Constitutional law.   Homestead.   Waiver.   Before Judge
WRIGHT.   Monroe Superior Court.   September Term, 1875.

Reported in the decision.

HAMMOND & BERNER, for plaintiff in error.

J. S. PINCKARD, for defendant.

WARNER, Chief Justice.

This was a claim case which was submitted to the decision
of the court without the intervention of a jury, on the follow-
ing agreed statement of facts: "That the defendant in *fi. fa.*,
James M. Simmons, on the 27th day of March, 1873, execu-
ted to the plaintiff, W. W. Anderson, a mortgage upon one
hundred acres of land; that said instrument was signed, sealed
and delivered with all the solemnity necessary under the law,
and is in all respects a valid mortgage; that in said instru-
ment the said Simmons waived for himself and family all
right to a homestead to or out of said bargained and de-
scribed premises; that said mortgage has been foreclosed, and
*fi. fa.* issued against the defendant and levied on said land;
that the defendant, as the head of a family, has, since said
foreclosure, issuing and levy of said *fi. fa.*, applied for and
obtained a homestead on said land according to the require-
ments of the law, and has, as agent for his wife, filed his
claim thereto." Upon this statement of facts the court de-
cided that the land was subject to the mortgage *fi. fa.* levied
thereon; whereupon the claimant excepted.

The only question made here on the foregoing statement of
facts, was whether Simmons, the defendant in the mortgage
*fi. fa.*, could *waive* his right, as the head of a family, to claim
a homestead in the *property* described in the mortgage, so as
to prevent him from afterwards obtaining a homestead on the
specific property mortgaged, and claiming the same as a home-
stead exemption, as the agent of his wife, from being subject
to that mortgage *fi. fa.* The 1753d section of the Code de-

clares, that " in this state the husband is the head of the family, and the wife is subject to him; her legal civil existence is merged in the husband, except so far as the law recognizes her separately, either for her own protection, or for her benefit, or for the preservation of public order." The constitution of 1868 declares that each head of a family, or guardian or trustee of a family of minor children, shall be entitled to a homestead of realty to the value of $2,000 00 in specie, which, when set apart, is exempt from levy and sale, except for taxes, money borrowed and expended in the improvement of the homestead, or for the purchase money of the same, and for labor done thereon or material furnished therefor, or removal of encumbrances thereon. When the constitution declares that each head of a family shall be *entitled* to a homestead in realty to the value of $2,000 00 in specie it was not intended that it should be *compulsory* on each head of a family to take a homestead in his land whether he desired to do so or not. The obvious and fair construction of this clause of the constitution is, that each head of a family should be *entitled* to a homestead as therein provided, if he desired to have one, and not otherwise. When Mr. Simmons borrowed the money and executed his mortgage deed to secure its payment, he stipulated, under his hand and seal, that he waived for himself and family all right to a homestead in the mortgaged premises; in other words, he declared that, as the head of a family, he did not desire to have a homestead on that land so mortgaged. As the head of his family, and owner of the land, he could have made an absolute sale of it, and thus have defeated all claims of his family to a homestead on the land. Why, as the head of his family, and owner of the land, could he not stipulate that he would not claim a homestead on it, the more especially if he did not desire to have one? Besides, it does not appear from the record in this case but that the defendant, Simmons, had plenty of other land than that mortgaged on which he could have taken a homestead exemption as the head of a family. The obtaining and claiming a homestead exemption in the mortgaged prop-

erty by Mr. Simmons, as the agent of his wife, after stipulating in the mortgage, as the head of his family, that he *waived* for himself and family all right to a homestead in the mortgaged premises, does not, we regret to say, exhibit a very high standard of either his legal or moral obligation to pay an honest debt. In view of the facts as disclosed in the record, we affirm the judgment of the court below.

Judgment affirmed.