AMANDA ALLEN *et al.*, plaintiffs in error, *vs.* FRANCIS A. FROST, defendant in error.

1. A waiver of exemption as to certain personalty embraced in a mortgage, is valid.
2. Where the foreclosure was against husband and wife, and the wife claimed the property levied on as exempt, an affidavit of illegality subsequently filed by the husband, introducing a new issue, was properly dismissed on demurrer.

Homestead.   Mortgage.   Practice in the Superior Court. Before Judge BUCHANAN.   Troup Superior Court.   May Term, 1877.

Reported in the decision.

B. H. BIGHAM, for plaintiffs in error.

FERRELL & LONGLEY, for defendant.

WARNER, Chief Justice.

This was a claim case, on the trial of which the jury, under the charge of the court, found the property subject to the mortgage *fi. fa.* levied thereon.   The claimant made a motion for a new trial on the various grounds therein stated, which was overruled, and the claimant excepted.   There were two grounds of error insisted on here: first, that the court erred in sustaining the demurrer to the defendant's affidavit of illegality in a claim case; second, because the court erred in its charge to the jury, that the property claimed as a homestead exemption was subject to the mortgage *fi. fa.*, if the parties executing the mortgage, had waived their claim to such homestead exemption on the property specified in the mortgage.

It appears from the evidence in the record, that the defendants, Allen and his wife, executed and delivered to the plaintiff a mortgage on certain personal property therein described, to secure the payment of a promissory note

for the sum of $684.40, in which mortgage the parties expressly renounced and waived all right to a homestead and exemption in the property specified in said mortgage. When the plaintiff foreclosed his mortgage, and had the mortgage *fi. fa.* levied upon the mortgaged property, Mrs. Allen, one of the parties to the note and mortgage, claimed it as a homestead exemption.

1. There was no error in the charge of the court as to the property being subject to the mortgage *fi. fa.* levied thereon, according to the ruling of this court in *Simmons vs. Anderson,* 56 *Ga. Rep.,* 53.

2. The claim to the property was interposed by the claimant on the 12th of January, 1876. On the 30th of May, 1877, Allen, the other defendant, filed an affidavit of illegality in the claim case, which the court dismissed upon demurrer. There was no error in dismissing the affidavit of illegality, which was no defense to the claim case, but was the introduction of a new and distinct issue to be tried with the claim case. When the mortgage *fi. fa.* was levied on the mortgaged property, the defendants had their option, then to have filed their affidavit of illegality by way of defense thereto, as provided by the 3975th section of the Code, or to interpose a claim to the property as was done in this case, but having interposed a claim to it, that was the issue before the court for trial.

Let the judgment of the court below be affirmed.