Stafford, Blalock & Co. *vs.* Elliott.

Stafford, Blalock & Company, plaintiffs in error, *vs.* Zach-ariah H. Elliott, defendant in error.

A general waiver of the right of homestead to all the property of a debtor, in *esse* and to be acquired, in a promissory note, without words which create any lien or describe any particular property, will not estop the debtor from taking a homestead, though he may have owned and possessed the property set apart at the time he gave the note.

Homestead. Debtor and creditor. Estoppel. Before Judge Hall. Pike Superior Court. April Term, 1877.

Reported in the opinion.

B. M. Turner; McCay & Trippe, for plaintiffs in error.

J. A. Hunt, for defendant.

Jackson, Judge.

This case involved the question of the effect of a general waiver of the right of homestead made in a promissory note. The question was submitted to the judge without a jury, on the following agreed facts: Stafford, Blalock & Co., held a note against Z. H. Elliott, dated and due in 1873. Stafford, Blalock & Co., sued the note to judgment, execution was issued thereon and levied upon one hundred and fifty acres of land; the note was an ordinary promissory note, except that it contained a waiver of the right of homestead, what is commonly called a general waiver; at the time Elliott gave the note, he owned the land; after giving the note he applied for and procured a homestead on the land; as agent of his wife and children he claimed it, and the question was submitted, whether the land was subject or not. It will be observed that the waiver extended to all the property of the claimant, that in his possession or which might be subsequently obtained, and none at all was specified or described, and no lien of any sort was created by the note.

Judge Hall held that the claimant was not bound by the waiver not to take a homestead, and error is assigned on that judgment.

In the case of *Simmons vs Anderson*, 56 *Ga.*, 5 3, it was ruled that when a waiver was made of the right of homestead to a particular tract of land specified in a mortgage, which gave the mortgagee a lien thereon, then, in such a case as that, the mortgagor could not defeat the lien by taking a homestead in that particular tract of land ; but this case is wholly unlike that, in that no lien is created in this case, that no property is described on which the waiver is to operate, that the waiver in this case covers all property then or which might be thereafter acquired, while in that case it did not appear but that the mortgagor owned other property, real and personal, on which he might exercise his constitutional right in behalf of his family.

The policy of the law, as exhibited in the constitution and statutes, is undoubtedly that women and children should have a home set apart out of the father's and husband's property, if he, as the head of the family, would secure it to them. Code, §§5135, 2002, *et seq.* There is nothing in any decision of this court which contravenes such policy. Of course, as held in *Bowen vs. Bowen*, 55 *Ga.*, 182, the father must move voluntarily, as the property is his own, but in the case at bar he did move voluntarily, and has exercised his constitutional right in behalf of his family. The simple question is, can he bind himself never to change his mind, if he has once said that he would not exercise it, as to all his property then in his possession, or which he might afterwards own by gift or devise or purchase ? We think not. If he obtains credit by creating a lien on a particular piece of property, and in express words make the lien more secure by covenanting not to take a homestead on it, then he is estopped from so doing, but a general waiver like this in a promissory note, describing nothing and creating a lien on nothing, does not

estop him.   And so we think is the better line of authority in our sister states on the subject.   See 9 How., N. Y., 547 ; 10 *Ib.*, 276 ; 22 N. Y., 249.

Judgment affirmed.