## Smith vs. Lord & Dixon.

1. The personal property of J. R. Smith being under levy when set apart by the ordinary as exempt, the judgment of the ordinary is of no force against the levy if the notice served upon the plaintiff in *fi. fa.* designated no time for hearing the application for exemption, and if the notice published in the gazette described the applicant as R. J. Smith, instead of J. R. Smith, there being in the county at the time a person bearing the former name.

2. The mere presence of the plaintiff's attorney when the ordinary acted upon and approved the application, was no waiver of notice or of legal publication, the attorney not having appeared as such, nor taken any part in the proceedings.

Homestead. Levy and sale. Waiver. Before Judge BARTLETT. Wilkinson Superior Court. October Term, 1877.

Execution against J. R. Smith, in favor of Lord & Dixon, transferees, was levied upon certain personalty of the defendant. He, for his wife and minor children, applied to the ordinary to have such personalty set apart as exempt. The notice of this application served upon the plaintiffs designated no time for the hearing. The published notice recited that R. J. Smith had applied for exemption. There were two Smiths in the county, one J. R. and the other R. J. The exemption was allowed by the ordinary, counsel for plaintiffs being present, but taking no part in the proceedings.

The defendant, as agent for his wife and children, then claimed the property levied on. The issue was submitted to the court without the intervention of a jury. The claim

was dismissed and the execution ordered to proceed. To this claimant excepted.

J. W. LINDSEY, by brief, for plaintiff in error.

BOWER & BOWER, by brief, for defendant.

BLECKLEY, Judge.

1. The levy was legally made, and to disengage the property from it by subsequent proceedings, these proceedings must have been conformable to law. They were not so in two respects: the notice served upon the plaintiffs in *fi. fa.* did not designate any time for the hearing of the application for exemption; and the official notice published in the gazette described the applicant as R. J. Smith, instead of J. R. Smith. There was an R. J. Smith in the county, and readers of the gazette would have understood *him* to be the applicant, if their information was derived alone from the published notice. It is best not to bungle in these matters. Business should be transacted correctly. For the requisites concerning publication and written notice, see Code, §2006, and acts of 1876, p. 48. Compare, on the general subject, 47 *Ga.*, 504; 56 *Ib.*, 570.

2. Counsel did not appear for the plaintiffs in *fi. fa.* when the ordinary acted upon the application. The attorney took no part in the proceedings, though he was present. In the absence of legal process, those interested in what is going on in court are not bound to make objection, unless they enter a voluntary appearance. If you wish to bind your adversary, treat him as the law prescribes. Do your part, and he must do his at his peril.

Cited for plaintiff in error: Code, §3593; 19 *Ga.*, 279; 16 *Ib.*, 578; 20 *Ib.*, 90, 581; 57 *Ib.*, 150, 244.

Cited for defendant in error: 26 *Ga.*, 140; acts of 1876, p. 66; Code, §§3798, 3854, 3867.

Judgment affirmed.