## FLANDERS & SON *vs.* WELLS.

61 195
94 346
61 195
123 105

Where, in 1876, a debtor mortgaged two mules, waiving expressly all right of exemption, and afterwards disposed of one before the setting apart of either as exempt, the wife of the debtor cannot protect

the other from levy and sale under the mortgage *fi. fa.* by having it set apart under section 2040 of the Code.

Homestead. Before Judge BARTLETT. Jones Superior Court. April Term, 1878.

Reported in the opinion.

BLOUNT, SIMMONS & HARDEMAN, for plaintiffs in error, cited : Code, §2047 ; 56 *Ga.*, 53, 94, 97 ; 41 *Ib.*, 624 ; Code, §10 ; const. 1877, art. ix., §§3, 4, 5.

No appearance for defendant.

JACKSON, Justice.

In 1876 James Wells executed a mortgage on two mules and his growing crop, to secure Flanders & Son for advances and provisions. One of the mules he sold, and Flanders & Son foreclosed the mortgage on the other, and levied the execution thereon. After the execution of the mortgage, Mrs. Frances Wells, the wife of James Wells, had this mule, so mortgaged, exempted under the old exemption law found in the Code, section 2040. In the mortgage given by James Wells to Flanders & Son, there is an express waiver of all exemptions and right thereto upon these mules ; and the question made is, can the wife have set apart this mule after this waiver of her husband?

We think not. The property was the husband's ; he could have sold it to Flanders & Son for the provisions furnished himself and family, he preferred to mortgage it ; but Flanders & Son knowing that he might exempt it after he had mortgaged, required Wells to make an additional covenant not to have the mules exempted, which he agreed to and expressly inserted in the mortgage.

In 56 *Ga.*, 53, in the case of *Simmons vs. Anderson*, this court held such waiver good in regard to the homestead and exemptions secured by the constitution of 1868 ; if good in that class of cases, why not in this ? The Code, section 10,

declares that "a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." Here the waiver is made for a consideration received and enjoyed, and it ought to be enforced.

The constitution of 1877 fixes the law wisely for the future, by restricting such waivers, and exempting from this power of the husband certain household and kitchen furniture and provisions, thereby recognizing the propriety of allowing waiver in all other cases : but this transaction occurred prior to that constitution, and we cite it merely to show the current opinion on the subject in the most authoritative utterances known to our system of state legislation. In view of the judgment in 56 *Ga.*, 53, and the evident fraud which any other ruling would encourage and legalize, we hold that the waiver of the right to exempt this mule estops this mortgagor and wife from afterwards doing so, and reverse the judgment.

Judgment reversed.