SASSER *et ux.*, relators, *vs.* ROBERTS, sheriff.

Under article IX, section III, paragraph 1 of the constitution of 1877, each head of a family is entitled to an exemption of household and kitchen furniture and provisions not exceeding $300.00 in value, which is not affected by a waiver of homestead ; but in order to carry this right into execution, the property must not only be selected by himself and wife, but also set apart by the ordinary. A mere personal claim to certain property as so selected, with no official action thereon, is not sufficient.

Homestead. Waiver. Before Judge HOOD. Terrell Superior Court. November Term, 1881.

Reported in the decision.

D. A. VASON ; L. C. HOYL, for plaintiffs in error.

PICKETT & PARKS, for defendant.

SPEER, Justice.

Plaintiffs in error filed before Judge Hood, of the Pataula circuit, their petition for a *mandamus nisi* against defendant, as sheriff of Terrell county, setting forth the following facts :

That the defendant, as sheriff, by virtue of a certain

judgment and mortgage *fi. fa.* in favor of M. H. Baldwin against petitioners, levied upon all the crop and personal property of petitioners, as set forth in the mortgage. That this included most of their property and left them destitute. They further alleged that, in compliance with law, they made out a schedule of the property included in said mortgage as being exempted from levy and sale, and gave notice thereof to the sheriff, which included fifty dollars of the furniture and 250 bushels of corn, part of the crop levied on under said mortgage *fi. fa.*, all of the value of three hundred dollars, the amount allowed them for their family support, under the constitution and laws of this state. Petitioners demanded of the sheriff that he should not take said property thus claimed in said schedule, but that he should leave the same in their possession ; but he refused to do so, and threatened to sell the same unless restrained. Wherefore they pray a *mandamus nisi* against said sheriff restraining him from further proceeding, and that they may be allowed to have and enjoy said property thus exempted free from litigation under said process.

To this petition the sheriff answered, that on the 15th of October, 1881, he levied a mortgage *fi. fa.* in favor of M. H. Baldwin against the petitioners upon two-bales of cotton, 500 bushels of corn, 2,500 lbs. of fodder, 3,000 stacks of sugar-cane, 80 bushels of potatoes, one mule and a four-horse wagon, all described in the mortgage *fi. fa.* That a claim to said property was interposed by Mrs. J. T. Sims and proper bonds given under the claim, property delivered to claimant, and claim papers returned into court. That W. J. Sasser, for himself and as agent for his wife, in November, 1881, interposed an illegality by affidavit to said mortgage *fi. fa.*, which respondent received and returned into court, where the same is now pending. That said petitioners failed to give any bond to replevy the property, and respondent has retained the property. Respondent does not believe petitioners have obtained

any homestead exemption of personalty, but have merely notified respondent that they claim 250 bushels of corn levied on, and other property not levied on, with which respondent has nothing to do. He submits he is attempting as sheriff to discharge his duty, etc.

To this petition was annexed a notice given by petitioners to the sheriff, in which they say they claim of the property levied on,

|  |  |
|---|---|
| Household and kitchen furniture, . . . | $ 50.00 |
| 250 bushels of corn, . . . . . . . . | 250.00 |
|  | $300.00 |

With a request to turn over such part of the same as he levied on to petitioners.

Before filing his answer the sheriff, by his counsel, demurred to said petition for *mandamus,* on the ground that the application showed no legal or sufficient reason why a *mandamus* should issue.

On the hearing of the application, the same was refused by the court, and petitioners excepted.

Did the court err in refusing this *mandamus*? · It does not appear upon what ground the judge based his refusal. ·

Section I., article IX. of the constitution exempts from levy and sale to certain persons therein named (except as to certain debts) realty or personalty, or both, to the value in the aggregate of sixteen hundred dollars.

Section III of same article provides the debtor shall have power to waive or renounce in writing his right to the benefit of the exemption provided for in this article, except as to wearing apparel, and not exceeding three hundred dollars worth of household and kitchen furniture and provisions, to be selected by himself and wife, if any, and he shall not, after it is set apart, alienate and encumber the property so exempted, etc. The act approved 16th of December 1878, providing for setting apart of homesteads and exemptions of property, in the 7th section provides, in case of such waiver and the levy of an execution

by an officer of this state, it shall be the right of the debtor and his wife, if he has any, to select and set apart as free from levy and sale three hundred dollars worth of household and kitchen furniture and provisions.

We are of opinion, that under a fair construction of the constitution and law enacted to carry the same into effect, it would be the duty of the one claiming this special exemption against a waiver of homestead, either general or special, that he must proceed to have the same set apart and exempted as provided by law in the court that has jurisdiction thereof. The constitution provides, after this three hundred dollars exemption is set apart the debtor shall not encumber or alienate the property so exempted. Who can exempt it? Not the debtor, but the court on whom jurisdiction is conferred. This construction we think is not only correct, but is supported by public policy. These exemptions are *quasi* trusts created in favor of the family, and there should be a record of such estates, not only for the benefit of families but to prevent imposition upon creditors.

The record in this case disclosing no such exemption of this property mentioned in the petition for *mandamus* as would protect it from levy and sale, we see no legal ground upon which this *mandamus* should have issued, and the court did not err in dismissing the same.

Judgment affirmed.

68  255
85  823
88   59

68  255
98  712

68  255
114  618

68  255
e122  546

68  255
e127  302