## BOROUGHS *vs.* WHITE & STONE.

1. The writ of *certiorari* from the judgment in a justice's court lies in all cases where facts are not in controversy, either before or after a jury trial in that court.

(a.) Where an appeal has been taken from the judgment of a justice to the superior court and has failed, the dissatisfied party cannot then obtain a *certiorari* from the ruling of the justice prior to the

appeal, and upon grounds existing when the appeal was entered. Such is the scope of the ruling in 65 ·*Ga.*, 556.

(*b.*) Where issues of fact are involved, an appeal to a jury in the justice's or the superior court, as the case may be, would be the proper remedy.

(*c.*) From the verdict of a jury in a justice's court *certiorari* will lie to the superior court. If no issues of fact are involved in the case, on *certiorari* the judge may render a final judgment; if issues of fact are involved, the judge must return the case for a new trial.

2. Issues of fact being involved in this case, there was no error in dismissing the *certiorari* from the judgment of the justice thereon.

3. A general waiver of homestead would not operate to defeat a homestead under the constitution of 1868, but a general waiver is good under the constitution of 1877.

(*a.*) Where a general waiver of homestead was made prior to 1877, though it would not have been good as against a homestead granted under the constitution of 1868, yet after the adoption of the constitution of 1877, such waiver would operate to defeat a homestead granted thereunder.

(*b.*) A homestead granted under the constitution of 1877, on new grounds created thereby, and to persons not previously having such right, was not good as against a debt created prior to the adoption of the constitution.

4. Where the debtor of a firm sought to obtain a homestead, but instead of naming the firm in his schedule, named one of the partners as an individual creditor and served him alone with notice, such statement and notice did not conclude the firm upon the grant of the homestead.

March 13, 1883.

*Certiorari.* Homestead. Debtor and Creditor. Before Judge BROWN. Cobb Superior Court. March Term, 1882.

A *fi. fa.* for $25.00 in favor of White & Stone was levied upon certain property which had been set apart to Mrs. Boroughs as a homestead, the plaintiffs making the ordinary affidavit for that purpose. A counter-affidavit was filed by defendant. Counsel submitted an agreed statement of facts as follows: The note on which the *fi. fa.* was founded, was given by Mrs. Boroughs to White & Stone

Boroughs *vs.* White & Stone.

in May, 1877, and contained a general waiver of homestead. In 1881, Mrs. Boroughs obtained a homestead under the constitution of 1877. The firm name of White & Stone was not included in the list of creditors, but the individual name of Stone was included therein, and he was served with notice. He had no claim except his interest in that of the firm. Mrs. Boroughs has control of the property. The children named in the petition are her children.

In addition to this agreement, the *fi. fa.* and the record of the homestead proceedings were introduced. The magistrate held the property subject, and defendant carried the case to the superior court by *certiorari*. On motion the court dismissed the *certiorari*, on the ground that an appeal should have been taken to a jury in the justice's court. Plaintiff in *certiorari* excepted.

F. A. & R. C. IRWIN, for plaintiff in error.

GEO. F. GOBER; A. S. CLAY, for defendants.

JACKSON, Chief Justice.

This case came before this court from the superior court of the county of Cobb, on the judgment of that court dismissing the writ of *certiorari* of the plaintiff in error, on the ground that it was sued out to a justice's court on error of the justice prior to jury trial, it being a claim under fifty dollars.

1. This court is of the opinion that the writ of *certiorari* lies to all errors of law, where facts are not in controversy, from a justice court, either before or after the trial therein by a jury. Acts of 1878–9 p. 155; Code, 4157 (*g*). The judgment in 65 *Ga.*, 556, is, that after an appeal is made and fails, then there can be no *certiorari* from the ruling of the justice of the peace before the appeal, and upon grounds existing at the time when the appeal was entered. All else in the opinion is *obiter*.

In 46 *Ga.*, 41, it was held, under the constitution of 1868, that where no facts were involved in the issue, there might be a writ of *certiorari* to correct errors of pure law, though the amount was over fifty dollars and the right of appeal existed; but if issues of fact were in the case, then there must be an appeal to a jury in the superior court. By the constitution of 1877, an appeal to a jury in the justice's court is allowed where the sum is under fifty dollollars, and by parity of reasoning it would seem that, under that constitution, the right to *certiorari* only existed where no issue of fact was involved so as to preserve trial by jury on facts, as argued in the case in the 46th. But from the verdict of the jury in the justice's court, the writ of *certiorari* does lie to the superior court by the same act of 1878-9. Code, 4157 (j). The purpose of this enactment is to provide for a new trial, where the facts and law demand it. No power exists in the justice court to award a new trial in any case. To obtain it, the injured party must go to the superior court by writ of *certiorari*, or the verdict of the five men who try the appeal in the justice court will stand forever, no matter how unjust it may be. Hence, under another act, Code, 4067, it is made the duty of the superior court, on *certiorari*, to make a final judgment on the case, if no issue of fact be involved; but if an issue of fact be in the case, the jury must try that issue, and the superior court cannot make a final judgment, but must order a new trial. 56 *Ga.*, 525; 51 *Ib.*, 264; 58 *Ib.*, 143; 62 *Ib.*, 346; 64 *Ib.*, 578; 55 *Ib.*, 315; 60 *Ib.*, 100; 63 *Ib.*, 331; 65 *Ib.*, 300.

The conclusion is that the writ of *certiorari* lies " in all cases in the justice's court," as provided in the act of 1878-9. Where violation of pure law is the error charged, the writ will lie before appeal to a jury, either to the superior court, where the sum exceeds fifty dollars, or in the justice's court, where it does not exceed fifty dollars. But after an appeal to the superior court, there can be no *certiorari*, because the case is already in that higher court

for adjudication, or has been there. The party aggrieved has had his day in that court, and must abide its judgment, whether rendered on appeal or on *certiorari*. And such is the decision of this court in 65 *Ga.*, 556.

2. The result must be that the superior court, in the case before us now, erred, if there was no issue of fact involved in the petition and answer to the *certiorari*, but if there be any issue of fact therein, that court was right to dismiss the writ.

Was there an issue of fact? It seems so to us from an examination of this record. The parties did not rest on the agreed statement of facts, but entered upon an examination of other evidence which was introduced *aliunde* that agreement. So that in this view of this case, the judgment of dismissal is right.

3. But even if we are in error in the view above taken, that facts are in issue in this case, the *certiorari* should have been dismissed for other reasons.

The contest is between a judgment creditor and a homestead claimant. The judgment is based on a debt before the constitution of 1877, in respect to which there is a waiver of the right of homestead—a general waiver. It being a general waiver, the waiver would not operate, prior to that constitution and under the constitution of 1868, to defeat the homestead. 59 *Ga.*, 837.

But the homestead here is sued out under the constitution of 1877. It is obtained by a mother of two indigent daughters, who have attained their majority, out of her separate estate. The husband and father is living, and not separated from his wife; and the right to such a homestead is created by the constitution of 1877. So that the application and grant of the homestead must have been, and in fact are, under that constitution. By that constitution, a general waiver is made fatal to the right of homestead under it. We hold, therefore, that though this waiver was made before the adoption of that constitution, whilst it would not have been good to defeat

v 69—53

the homestead under the constitution of 1868, it will defeat any sought under that of 1877. 59 *Ga.*, 837; Cons. of 1877; Code, 5112, 5114; Acts of 1878; Code, §§2039 (a), 2039 (b); 61 *Ga.*, 196. Besides, this debt was in existence prior to the constitution of 1877, and homestead to new persons and on new grounds in that instrument, would impair the obligation of that contract. Gunn *vs.* Barry, 15 Wallace, 610.

4. The homestead is not binding on these judgment creditors so as to conclude them, for another reason. They are not named in the schedule of creditors and notified to appear. They are a partnership, a firm, and the debt is due to them as such. One of the partners is mentioned as an individual creditor in the schedule, and he alone is served. A debt to an individual is one thing; a debt to a partnership is another thing. The creditors are different; the rights and liabilities are different; and the enumeration of one as an individual creditor is not a mention or naming of the firm as creditors. Code, §§2006, 2006(a); 60 *Ga.*, 462; 56 *Ib.*, 570; 47 *Ib.*, 504.

So that, in any view we are enabled to take of the case, the judgment dismissing the *certiorari* is right, and must be affirmed. It is unnecessary to add that, no matter upon what ground the court below put the judgment, if right for any reason appearing in the record, it will be affirmed. And it is so ordered.

Judgment affirmed.