In re HILL et al.

(District Court, N. D. Georgia. June 17, 1899.)

BANKRUPTCY—JURISDICTION OF EXEMPT PROPERTY—WAIVER.

As property which is exempt by the law of the bankrupt's state never comes within the jurisdiction of the court of bankruptcy as assets of the estate, nor does the title thereto vest in the trustee, it being the duty of the latter merely to set apart to the bankrupt the exemption to which he is entitled, the court of bankruptcy will not retain any control over such property for the purpose of enforcing the rights of a creditor holding a note in which the bankrupt has waived his rights of homestead and exemption; but such creditor will be left to assert his rights in a court of competent jurisdiction.

In Bankruptcy. On exceptions to allowance of exemption.

Spencer R. Atkinson and O. E. & M. C. Horton, for creditors.
T. C. Battle, for bankrupt.

NEWMAN, District Judge. In this case I have been asked to review and reconsider a ruling made in the case of In re Camp, 91 Fed. 745, to the effect that the exemption allowed a bankrupt by the laws of the state would not be administered in the bankrupt court in favor of creditors holding notes containing waivers of homestead exemptions. The argument made by counsel at this hearing is based mainly on the language of the waiver contained in the notes held by creditors of Hill & Wait. The waiver attached to these notes, which is the same as that in general use in Georgia, is a waiver of all right of homestead and exemptions against the note, or any renewal thereof. Particular emphasis is given by counsel to the word "right." The contention is that the debtor not only concedes the right of the creditor to have his debt out of any property as to which he may be entitled to homestead or exemption, but that he waives and renounces the right to have the homestead or exemption set apart. Then, the further argument is that, the debtor, by the agreement contained in his note, having waived the right itself to have the homestead or exemption set apart, the bankrupt court will not allow an exemption as to which the right has been waived, so long as the creditor having such a waiver note objects, or until his note is paid. The argument in this respect is based very largely on certain decisions of the supreme court of the state in which it is held that the homestead is a right in property, and to waive it is substantially to convey it away, and, having so conveyed it to the creditor, he cannot set up title to it as an exemption until the debt is paid. The cases cited are Flanders v. Wells, 61 Ga. 195; Tribble v. Anderson, 63 Ga. 31; Cleghorn v. Greeson, 77 Ga. 343; and Broach v. Powell, 79 Ga. 79, 3 S. E. 763. The decisions relied upon were mainly in cases where it was sought to avoid the effect of the waiver on the ground that the debt was infected with usury, and the effect of all the decisions is that, relatively to the determination of this question, the waiver of homestead and exemption in the note would be regarded as a conveyance of the homestead right.

All this is no answer to the fact that exempt property is never in the court of bankruptcy. The act provides that the title to all property, except such as is exempt, vests in the trustee in bankruptcy. Exempt property never becomes assets in the bankrupt court for administration. The title never passes. Only a qualified right of possession is in the trustee. As to property which is exempt, relating back to the adjudication, title remains in the bankrupt, and it is only to be set apart, and otherwise the trustee can exercise no right, and owes no duty. It never gets into the court of bankruptcy. Consequently, as to these questions,—the effect of waiver notes and the right of creditors holding such obligations,—there is no jurisdiction whatever in the bankrupt court. If it should undertake to deal with the questions suggested by counsel, it would be dealing with property over which the act provides that the bankrupt court could have no

jurisdiction and control. In addition to this, it may be stated that under the language of the waiver notes in this case, which, as has been stated, are those in general use in Georgia, it has never, I think, been insisted that there was a renunciation of the right to have the homestead and exemption set apart, but simply an agreement that as to such debt the exemption would not be good. In the case of Flanders v. Wells, supra, the court appears to hold that in that case the right to have the property exempted was waived. It would seem from the report of that case that there was an express covenant by the mortgagor not to have the property in question exempted; and, further, it is not altogether clear that the opinion of the court has the meaning that is contended for here. No case has been presented in which it was expressly held that on objection by persons holding waiver notes the ordinary of the state would decline to set apart the homestead until the waiver notes were paid, and I do not understand that such is the rule. My understanding of the rule is that the ordinary of the state, where an exemption is applied for, will set it apart as a matter of right, leaving parties who have debts which are good against the homestead to assert their rights against it in courts of competent jurisdiction. If that be true, there is no reason why the right to have the homestead and exemption set apart should not exist in bankruptcy. I shall adhere to the ruling made in the former case, In re Camp, supra. It is the duty of the trustee in bankruptcy to set apart to the bankrupt, if he is otherwise entitled to it, the homestead and exemption allowed by the laws of the state, and to leave parties holding obligations containing a waiver of homestead and exemption to assert their rights in courts of competent jurisdiction. An order will be made accordingly.