### MILLER *et al. v.* ALMON.

Following the ruling in *Sasser* v. *Roberts*, 68 *Ga.* 252, in order for an exemption of the three hundred dollars worth of personal property allowed to a debtor under the provisions of the constitution found in the Civil Code, § 5914, to be effectual as against a waiver thereof, the debtor must have such personal property set apart to him as exempt, in the same manner that the homestead allowed by the constitution is set apart.

                    Submitted April 24. —Decided May 15, 1905.

    Levy and claim.   Before Judge Freeman. Heard superior court. September term, 1904.

A crop mortgage with waiver of exemptions, signed by Rufus Miller and his wife, was foreclosed, and the mortgage fi. fa. was levied on 100 bushels of corn, November 23, 1901. On November 29, 1901, a schedule was filed with the ordinary, and approved and recorded, in which the corn levied on was included, as "the property of Rufus Miller, who is the head of a family consisting of his wife, Martha J. Miller, and who is a debtor having waived the benefit of the homestead so far as allowed by the constitution of Georgia, which said property is selected by himself and his said wife, . . and claimed to be exempt from levy and sale, for the use and benefit of himself and said wife,. under ârticle nine, section three of the constitution of Georgia, and sections 2863, 2864, 2866, and following sections of the Code of Georgia." Afterwards Miller and his wife filed with the levying officer a claim based on the alleged exemption. On the trial of the claim case the court directed a verdict against the claimants. They excepted.

*D. B. Whitaker,* for plaintiffs in error.     *F. S. Loftin,* contra.

COBB, J.    In *Simmons* v. *Anderson,* 56 *Ga.* 53, it was held that a mortgagor could waive his right to a homestead given him by the constitution in the property mortgaged.    In *Flanders* v. *Wells,* 61 *Ga.* 195, it was held that a mortgagor could waive his right to the short homestead in the property mortgaged.    These decisions were based upon transactions occurring prior to the adoption of the constitution of 1877.    At the time the convention wÞich framed that consitution was in session it was an open question whether a debtor would be bound by a general waiver of his homestead right where no specific property was referred to in the waiver.    The constitution as framed by that convention and as finally adopted contained a provision conferring power upon a debtor to make this general waiver, and declaring that the same should be effective as against him in behalf of his creditor. Civil Code, § 5914.    In *Stafford* v. *Elliott,* 59 *Ga.* 837, decided in November, 1877, after the constitutional convention had adjourned but before the constitution was ratified, it was held that a general waiver of the right to a homestead, which did not describe any particular property, would not estop the debtor from taking a homestead under the then existing law.    While the

present constitution confers the power upon a debtor to make a general waiver of his homestead right, there is one restriction placed upon him, and that is, he is not authorized to make a waiver which will have the effect to estop him from claiming as exempt wearing apparel, and household and kitchen furniture and provisions not exceeding $300 in value, to be selected by himself and wife, if any. There is nothing in the constitution which in terms declares that the property in which the waiver of exemption will not be effective shall be set apart in any particular manner. Nor is there anything which would deprive the General Assembly from so legislating in reference to this property as to protect alike the rights of the debtor as well as those of creditor. The act of December 16, 1878 (Acts 1878-9, p. 99), made provision for the setting apart of a homestead and exemption under the constitution, and also contained provisions as to the waiver of the homestead right. It was provided, that the waiver might be either general or specific, simply stating in writing that the debtor does waive and renounce the right; and that this waiver might form a part of the evidence of debt or might be contained in a separate paper. It was further provided that in cases where there was such waiver, it should be "the right of the debtor and his wife, if he has any, to select and set apart as free from levy and sale $300 worth of household and kitchen furniture and provisions." If the execution creditor who holds the waiver should be of opinion that the property so selected and set apart is of greater value than three hundred dollars, he is authorized to indemnify the officer and cause a levy to be made, and either the debtor or his wife can deliver to the levying officer an affidavit stating that the property selected is not of greater value than $300; and this levy and affidavit shall be returned to the superior court of the county of the residence of the debtor, to be tried as cases of illegality, the jury to determine the question as to the value of the property, and, if the finding is in favor of the execution creditor, specifically describing what portion of the property is of the value of $300, which shall be preserved to the debtor, and the balance be sold; there being a distinct provision authorizing the jury to assess damages, not exceeding 25% of the value of the property levied upon, against the execution creditor, in the event they are of opinion.

that the levy was not made in good faith but simply for the purpose of harassing the debtor.   Civil Code, § 2864.

It would seem that under these provisions the rights of a creditor holding a waiver, as well as the rights of the debtor and his family, were amply protected.   There is nothing either in the constitution or the act of 1878 which expressly declares that the selection of the property by the debtor and his wife should be approved by any tribunal or public officer.   But in *Sasser* v. *Roberts*, 68 *Ga.* 252, it was held that the property claimed not to be affected by the waiver must not only be selected by the debtor and his wife, but also set apart by the ordinary, and that a mere personal claim to described property as so selected, with no official action thereon, is not sufficient.   Mr. Justice Speer says, in the opinion, that the debtor "must proceed to have the same set apart and exempted as provided by law in the court that has jurisdiction thereof."   The reasoning of the learned Justice leads inevitably to the conclusion that the exemption of the property claimed not to be affected by the waiver is not complete until the formalities of law are complied with that are required to make complete the homestead provided for in the constitution.   If it were now an open question, we would be inclined to hold that not only under the constitution, but under the act of 1878, nothing more was necessary in reference to the identification of the property claimed not to be affected by the waiver than the selection of such property by the debtor and his wife, such selection being subject to be reviewed at the instance of the execution creditor in the manner prescribed in the act of 1878. But the ruling in the case cited goes to the extent above indicated, and is absolutely controlling upon us; and we therefore must hold that the debtor can not claim as exempt from levy and sale property as to which the law does not permit him to make an effective waiver, until this property has been identified and set apart in the manner prescribed for setting apart an ordinary homestead under the constitution.   The judgment must therefore be

*Affirmed.   All the Justices concur, except Candler, J., absent.*