## PEPPERS *v.* CAUTHEN *et al.*

1. An equitable petition was filed by creditors of a bankrupt, holding notes containing a waiver of exemption, whereby they sought to have a receiver appointed and to subject the exemption to such debts. The petition alleged that the bankrupt had applied for and had set apart to him an exemption. By amendment a copy of an order of the referee in bankruptcy, deciding certain issues raised by objections which had been filed to the valuation placed upon the property so set apart as exempt, was added as an exhibit. This showed that the order of the referee was dated after the filing of the original petition. *Held,* that this was not sufficient to show that the equitable petition was prematurely filed, so as to require a dismissal thereof on motion in the nature of a general demurrer.

(*a*) No motion for a new trial was made, and the assignments of error which were made can not bring before this court the correctness of the verdict as to issues of fact.

2. Where certain creditors holding notes containing waivers of exemption filed an equitable petition setting out that it was prosecuted on behalf of themselves and other creditors similarly situated, for the purpose of

subjecting an exemption set apart to the bankrupt, and the exemption was taken possession of by a receiver of the State court and reduced to money, if other creditors also holding waiver notes intervened and procured a part of the fund to be paid to them, as between creditors so obtaining the benefit of the fund a fee might be allowed therefrom for the attorneys of the creditors filing the petition and bringing such fund into court, before it would be distributed. But if the fund in court was more-than sufficient to pay the indebtedness and legitimate cost and charges, the excess which would be going to the bankrupt, after payment of such notes, costs and expenses, should not be reduced by the payment of attorneys' fees for bringing the fund into court. Direction is given that the decree be so modified as to conform to this ruling.

3. There was no error in ordering that there be paid from the fund the cost of the receivership, including the court cost proper, the reasonable expenses incurred by the receiver in keeping the personal property, the cost of making a sale of the property, and a reasonable fee for his services.

4. Under the exception as here made, the decree was not erroneous on the ground that the State constitution declares that a debtor shall have the power to waive or renounce in writing all the benefit of the exemption except as to wearing apparel and not exceeding three hundred dollars worth of household and kitchen furniture and provisions to be selected by himself and wife, if any.

5. Some of the assignments of error in the bill of exceptions depend upon a consideration of the evidence, and some of them are too vague to raise proper questions for consideration by this court.

FEBRUARY 20, 1915.

Equitable petition. Before Judge Meadow. Elbert superior court. November 1, 1913.

Cauthen and two McLanahans, for themselves and other creditors who might come in and be made parties, filed their equitable petition against J. G. Peppers, alleging in substance as follows: In November, 1912, Peppers was adjudicated a bankrupt, and a trustee was appointed. The bankrupt applied and had set apart to him out of his estate certain personal and real property as an exemption. Prior to bankruptcy, the bankrupt gave to the plaintiffs certain promissory notes containing waivers of homestead or exemption. The notes have not been reduced to judgment or proved in bankruptcy. Peppers has no property except his exemption, and he is insolvent. In order to preserve the exempted property and prevent it from going into the hands of the bankrupt, it is necessary that a receiver should be appointed to take charge of and hold it. The plaintiffs can not bring an action at law to take charge of and hold the exempted property until they can get a judgment in rem against it. They pray, that a receiver be ap-

pointed and directed to apply to the court of bankruptcy for the possession of the exempted property, and to hold it subject to the order of the superior court; that the bankrupt be enjoined from receiving the exempted property from the trustee; that the trustee be enjoined from delivering it or its proceeds to the bankrupt or to any one for him; and that the plaintiffs have judgments in .rem against the property for the amounts of their claims, or, if the property should be sold and reduced to cash by order of the court, that their judgments be paid out of the proceeds thereof. This petition was filed on February 7, 1913. On September 8 thereafter, the plaintiffs amended by attaching to the petition a copy of the finding of the referee in bankruptcy in regard to the setting apart of an exemption in personal and real property to the bankrupt. The copy of the referee's order recited that certain issues formed by objection to the trustee's report as to exempted property of the bankrupt came on to be heard before the referee on February 8. He found, that the value of certain described personalty set apart by the trustee was $374.50; and that the balance of the exemption of $1,600.00, amounting to $1,225.50, be taken out of the 115 acres of land, of which 61 11/40 acres were of the value of $1,-225.50. It was further recited that a receiver had been appointed by the superior court under an equitable petition filed therein, and it was ordered that the trustee deliver to the receiver the exempted property. It did not appear in this order when the trustee in bankruptcy set apart the property as exempt.

The defendant filed a motion to dismiss the petition as amended, on three grounds: (1) that the petition showed on its face that the exemption sought to be subjected was set apart on February 18, 1913, and that this proceeding in rem against the property was filed on February 7, 1913, thereby showing that the superior court was without jurisdiction and that the suit was prematurely brought; (2) that at the time when the original proceeding was filed there was no property in existence upon which a judgment or decree of the superior court could operate, the exemption not having been set aside and the specific articles thereof ascertained; (3) that at the time when the proceeding was filed the superior court was without jurisdiction of any of the property of the defendant, all of it being in the exclusive jurisdiction of the United States district court until the exemption applied for was determined by that

court. This motion was overruled, and the defendant excepted pendente lite and assigned error on the ruling.

The First National Bank of Elberton intervened, alleging that it held two notes of the bankrupt, containing waivers of homestead and exemption. The case was submitted to a jury on special issues of fact, and upon their finding the court entered a decree giving judgments in favor of the plaintiffs against the property set apart as an exemption, in certain specified amounts, directing that the property be sold and that from the proceeds the court costs and the expenses of keeping the property and of sale be paid; that the receiver pay to himself a fee of $25, and to the plaintiffs' attorneys, as a fee for bringing the fund into court, $300; that the balance be applied to the payment of the judgments in favor of plaintiffs equally; and that, if any balance then remained, it be paid to the bankrupt as his exemption. No motion for a new trial was made, but exception was taken directly to the decree.

*J. T. Sisk,* for plaintiff in error.

*Thomas J. Brown, George C. Grogan,* and *Z. B. Rogers,* contra.

LUMPKIN, J. 1. The motion to dismiss the petition was in the nature of a demurrer on the ground that it showed on its face that the exemption had not been set aside when the petition was filed. This does not appear on the face of the petition. On the contrary the original petition (which was filed on February 7th, 1913) alleged that the bankrupt had applied for and had set apart to him an exemption. The amendment attached a copy of the order of the referee in bankruptcy, deciding certain issues raised by objections which had been filed to the valuation placed upon the property set apart to the bankrupt as an exemption by the trustee. The order of the referee was dated February 18, 1913, but it did not appear on what date the trustee in bankruptcy set apart the property as an exemption to the bankrupt. It can not be said, therefore, that the petition showed on its face that the trustee in bankruptcy had not set apart the property before the petition was filed. Whatever may have been developed by the evidence, no motion was made for a new trial, and the propriety of the finding of the jury is not properly before us. It has been held that where property has been set apart as exempt by the trustee in bankruptcy, and before his report has been confirmed by the referee, an equitable petition may be filed. *Arnwine* v. *Beaver,* 134 *Ga.* 377 (67 S. E.

937). What has been said above renders it unnecessary to discuss the ruling made in *Coffey* v. *Mitchell,* 139 *Ga.* 430 (77 S. E. 561), further than to say that it was there stated that no relief was sought against the bankrupt defendant other than a special judgment fixing a lien on the property which he was seeking to have set apart as an exemption in bankruptcy; and that it was not decided that no case could arise where equitable relief might not be invoked prior to the formal setting apart of the exemption. It has been held that after the property has been set apart by the trustee but before the time for filing exceptions has elapsed he may transfer it. *Taylor Company* v. *Williams,* 139 *Ga.* 581 (77 S. E. 386). If no equitable petition could, in any case or under any circumstances, be filed without alleging that the exemption had been set apart, the result might sometimes be a race between a creditor holding a note containing a waiver of exemption, who must wait until the actual setting apart of such exemption before applying to a court of equity, and an insolvent bankrupt endeavoring to sell or divest himself of the exemption immediately upon the setting apart by the trustee. If, as has been said, after an exemption is set apart, in theory of the law it is treated as always having been in the bankrupt and never administered by the court of bankruptcy, when a bankrupt proceeds for the purpose of having property segregated and thus set apart to him, it would seem that this very fact might furnish a ground for the creditor to proceed before it is too late, with proper allegations as to necessity therefor. Of course he could not finally subject property until it was set apart, and any right to have the property taken possession of by a receiver might be dependent upon its being set apart and upon the result of exceptions to the trustee's action. But we are not called on to rule whether this necessarily requires a creditor having a note containing a waiver to wait, under all circumstances, until the entire transaction is or may be over; nor do we make any ruling on this subject.

2. Exception was taken to the inclusion in the decree of attorney's fees for bringing the fund into court while the waiver of homestead was only operative as to the amount of the debt. The theory on which attorney's fees for bringing a fund into court is allowed is that if the diligence of one creditor secures a fund for a common benefit, and if others share therein, any expense of securing it should not fall on the diligent creditor alone, but that those

who participate in the fund should contribute their share to the common expense, so that the fund going to the different creditors may be first taxed with the proper amount of attorney's fees before its distribution. But this does not authorize creditors to be paid in full and also to require the debtor to pay attorney's fees for bringing the fund into court. What is here said refers to the award of a fee from the fund for bringing it into court, and not to the contract fees which may be contained in the notes. Direction is given that the decree be so modified that if the fund is sufficient to pay the waiver notes in full, together with such costs and expenses as have been decreed against the fund, attorney's fees for bringing such fund into court shall not be taxed as against such excess, but that such fee may be awarded from the fund which would be going to the creditors participating in the distribution.

3. It is contended that the decree was erroneous in directing the costs of the receivership to be paid from the fund, on the ground that the waiver only covered the debt. The notes sought to be enforced contained a promise to pay a stated amount with interest and "with all cost of collection," and waived all homestead or exemption rights as against the notes and any renewal thereof. The waiver clearly included such costs, and there was no error in directing that they be paid from the fund. The court has a discretion in awarding costs in an equitable action. Civil Code (1910), § 5423.

4. It was contended that a part of the property included in the exemption and against which the decree was rendered was household and kitchen furniture and wearing apparel, and that under the law the right to an exemption in such property can not be waived. The constitution declares that a debtor shall have the power to waive or renounce in writing the right to the benefit to the exemption, except as to wearing apparel and not to exceed $300 worth of household and kitchen furniture and provisions to be selected by himself and wife, if any. Civil Code (1910), § 6584. Under the ruling in *Miller* v. *Almon*, 123 *Ga.* 104 (50 S. E. 993), in order for this exemption of $300 to be effectual as against a waiver, it must have been set apart. It does not appear that in the court below the point was raised that the debtor and his wife selected household and kitchen furniture not exceeding $300 in value and claimed it as an exemption in spite of the waiver. So far as appears from this bill of exceptions, the point is made for

the first time by assigning error on the decree. We do not think this furnishes ground for reversal.

5. Another ground of the exception to the decree complains that it was erroneous, for that "under the evidence submitted under paragraphs of the amended plea, said contract of conditional sale, which was evidenced by the bond for title signed by and the notes sued on by R. L. Cauthen, R. L. Cauthen, J. J. McLanahan, and G. H. McLanahan, was rescinded by the acts therein set forth." This seems to be a complaint more appropriate to a motion for a new trial than to an exception to a decree. Moreover, the statement, "under the evidence submitted under paragraphs of the amended plea," is so indefinite as to which paragraphs of the plea are referred to and what evidence is intended that it is a very loose and uncertain form of exception to a decree.

A similar criticism may be made as to other exceptions, and in so far as they raise points for determination they are without merit.

*Judgment affirmed, with direction. All the Justices concur, except Fish, C. J., absent.*