*W. M. Howard, Tutt & Brown,* and *W. W. Armistead,* contra.

---

### BROWN *v.* SCARBOROUGH *et al.*

GILBERT, J. "Under the ruling in *Miller* v. *Almon,* 123 *Ga.* 104 (50 S. E. 993), in order for this exemption of $300.00 to be effectual as against a waiver, it must have been set apart." *Peppers* v. *Cauthen,* 143 *Ga.* 229, 234 (84 S. E. 477). The ruling above quoted is controlling on the sole issue in the case. The court did not err in refusing to grant a temporary injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 4203. MAY 13, 1924. REHEARING DENIED JUNE 19, 1924.

Petition for injunction. Before Judge Mathews. Bibb superior court. January 12, 1924.

Mrs. Brown filed a petition against Mrs. Scarborough and Turlington, sheriff of the municipal court of Macon, alleging, that Mrs. Scarborough had foreclosed in that court a mortgage in which homestead was waived; that on December 14, 1923, Turlington had levied the mortgage fi. fa. upon described personalty belonging to petitioner; that on the same day petitioner selected and had set

apart to her $300 worth of household and kitchen furniture, as provided by the Civil Code (1910), § 3414; that the $300 worth of furniture set aside by the ordinary is, excepting one item, the same property levied upon; that petitioner immediately notified Turlington of the selection and setting aside to her of the property, and exhibited to him the exemption approved by the ordinary, but he declared his intention to proceed with the levy; that petitioner then made and delivered to Turlington an affidavit to the effect that the value of the property so set aside was not greater than $300; that, notwithstanding this, Turlington had refused to return the levy and affidavit to the next term of Bibb superior court, but had advertised the property for sale, and was persisting in the declaration of his intention to sell the same. The prayers were that the defendants be restrained by injunction from selling the property; and for general relief, and process. The defendants demurred to the petition, upon the grounds that (1) it fails to set forth a cause of action, legal or equitable; (2) the facts set forth are insufficient to form the basis for any relief or judgment against the defendants, or for writ of injunction; (3) the homestead alleged to have been set aside was not set aside as required by law, and is illegal and invalid. After argument of counsel on the demurrer, and without the introduction of evidence, the court dissolved the temporary restraining order previously made, and refused to grant an injunction. Upon this judgment error was assigned.

*Strozier & Deaver* and *B. Cubbedge Snow,* for plaintiff.

*R. W. Barnes, H. F. Rawls,* and *E. C. Collins,* for defendants.

### ON MOTION FOR REHEARING.

GILBERT, J. A motion for rehearing is filed. The ground stated is, "Because the court overlooked the material fact, shown by the record, that said property had been set apart to the plaintiff in error as exempt by the ordinary of Bibb County." By reference to the statement of the case filed with and as a part of the decision, it will be seen that the court did not overlook the fact mentioned. In said statement is the following language: "that on the same day petitioner selected and had set apart to her $300 worth of household and kitchen furniture, as provided by the Civil Code (1910), § 3414." On application of the principles ruled in

the cases cited in the headnote and the authorities therein cited, it necessarily follows that a constitutional homestead set aside only as provided in Civil Code (1910), § 3414, and not as provided in Civil Code (1910), § 3378, has not been set aside as provided by law.