20930. SANDERS *v.* GENERAL MOTORS ACCEPTANCE CORPORATION.

JENKINS, P. J. 1. Prior to the act approved August 8, 1924, providing the method for setting apart the exemption of debtors allowed by sections 3413, 3414 of the Civil Code (1910), it was necessary, in order for the exemption of $300 to be effectual as against a waiver, that it be set apart in the method provided by section 3378 of the Civil Code (1910). *Sasser* v. *Roberts*, 68 *Ga.* 252; *Miller* v. *Almon*, 123 *Ga.* 104 (50 S. E. 993); *Peppers* v. *Cauthen*, 143 *Ga.* 229, 234 (84 S. E. 447); *Brown* v. *Scarbrough*, 158 *Ga.* 301 (123 S. E. 605). Since the act of 1924 (Ga. L. 1925, p. 57; Michie's Code, § 3414 (1)), a debtor may obtain the benefit of sections 3413 and 3414, supra, by merely proceeding in the summary and ex parte manner pointed out in that act, i. e., "every debtor seeking the benefit of section 3414 of the Civil Code of 1910, and his wife, if any, shall make out a schedule of their household and kitchen furniture and provisions, setting out the items and value thereof, claimed to be exempt, and return the same to the ordinary of the county in which said applicant resides, without making any application for said exemption, and it shall not be necessary to publish the same in a gazette." Thus, both before and after the passage of the act of 1924, the setting aside of what is known as the statutory or short homestead under section 3416 of the Civil Code (1910) was not, and is not, effectual as against a waiver. *Miller* v. *Almon*, supra; *Brown* v. *Scarbrough*, supra; and in order for the exemption of $300 to be effectual as against a waiver, both under the new law and the old law, there must be a proceeding setting up the constitutional exemption, either under section 3378 of the Civil Code (1910) or under the act of 1924.

2. In the instant case the homestead and exemption schedule having been expressly filed solely by the debtor claimant as the head of a family, for the purpose of having set apart the statutory or short homestead under section 3416 of the Civil Code (1910), and it not being a proceeding instituted by both the husband and the wife, seeking to establish the constitutional $300 exemption from levy under either section 3378, supra,

or the act of 1924, it was not effectual as against a waiver of homestead and exemption; and the judge did not err in so holding.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 16, 1931.

*Dampier & Watson*, for plaintiff in error.
*Nelson & Taylor*, contra.