22760. KEMP *v.* SWAINSBORO ICE AND FUEL COMPANY.

DECIDED MAY 29, 1933.

*Alfred Herrington Jr.,* for plaintiff in error.

*J. Alex Smith,* contra.

JENKINS, P. J. ■ Section 3413 of the Civil Code (1910) provides as follows: "Any debtor may, except as to wearing apparel and three hundred dollars' worth of household and kitchen furniture and provisions, waive or renounce his right to the benefit of the exemption provided for by the Constitution and laws of this State, by a waiver, either general or specific, in writing, simply stating that he does so waive or renounce such right, which waiver may be stated in the contract of indebtedness, or. contemporaneously therewith or subsequently thereto in a separate paper." Section 3414 of the Code provides: "In case of such waiver, and the levy of an execution by an officer of this State, it shall be the right of the debtor and his wife, if he has any, to select and set apart, as free from levy and sale, three hundred dollars' worth of household and kitchen furniture and provisions. If, when such selection is made, the plaintiff in fi. fa. is of opinion that said property is of greater value than three hundred dollars, he may indemnify the officer, and require him to proceed with the levy upon some part of said property, or all if it be incapable of division; and it shall then be the right of the debtor or his wife, if any, to make and deliver to the

levying officer an affidavit, stating substantially that the property selected is not of greater value than three hundred dollars. Said levy and affidavit shall then be returned to the next term of the superior court of the county of the residence of the debtor, to be tried as cases of illegality, the only issue being the value of the property selected. And the jury may find generally for the defendant in fi. fa., when the levy shall be dismissed, or may find specifically what portion of said property is of the value of three hundred dollars, which shall be exempted, and the balance shall be sold: Provided, that the jury, or other tribunal trying the issue made by the levy and affidavit, may assess damages not exceeding twenty-five per cent. of the value of the property levied upon, against the plaintiff in execution, for any levy made, not in good faith for the collection of the execution, but for the purpose of harassing the debtor." The act of August 8, 1924 (Ga. L. 1924, p. 57; Park's Code, vol. 12, § 3414 [a]; Michie's Code, § 3414 [1]), provides: "The mode of setting apart said household and kitchen furniture and provisions shall be as follows: Every debtor seeking the benefit of section 3414 . . and his wife, if any, shall make out a schedule of their household and kitchen furniture and provisions, setting out the items and value thereof, claimed to be exempt, and return the same to the ordinary of the county in which said applicant resides, without making any application for said exemption, and it shall not be necessary to publish the same in a gazette. The ordinary shall record the schedule in a book to be kept by him for that purpose and he shall receive for each schedule filed, approved and recorded the sum of $2.00."

Prior to the act of 1924 just quoted, providing a method for setting apart the exemption allowed under sections 3413 and 3414 of the Code, it was necessary, in order for the exemption of $300 to be effectual as against a waiver, that it be set apart by the method prescribed by section 3378 of the Code. *Brown* v. *Scarborough,* 158 *Ga.* 301, 303 (123 S. E. 605); *Miller* v. *Almon,* 123 *Ga.* 104 (50 S. E. 993). Since that act, however, a debtor may obtain the benefit of sections 3413 and 3414, supra, by merely proceeding in the summary and ex parte manner pointed out in that act, i. e., "every debtor seeking the benefit of section 3414 of the Code of 1910, and his wife, if any, shall make out a schedule of their household and kitchen furniture and provisions, setting out the items and

value thereof, claimed to be exempt, and return the same to the ordinary of the county in which said applicant resides, without making any application for said exemption, and it shall not be necessary to publish the same in a gazette." *Sanders* v. *Gen. Motors Acceptance Corp.*, 43 *Ga. App.* 374 (158 S. E. 646).

In the instant case the husband and wife made out the schedule as provided by the act of 1924; but it is urged by the plaintiff in fi. fa. (defendant in error) that such procedure, both under the old and the new law, is by the language of section 3414 unavailable except as to a debtor who has *waived* his homestead and exemption rights, and that, if he he has not waived such rights, he is relegated, as his only remedy, to taking out the constitutional homestead or what is known as the statutory or pony homestead. As pointed out by the superior-court judge, section 3414 is somewhat narrow in the literal and strict use of the language employed, but we agree with his holding on this point adverse to the contention of plaintiff in fi. fa. It is true that section 3414 does make use of the language, "in case of such waiver, and the levy of an execution by an officer of this State, it shall be the right," etc., but in our opinion the reasonable meaning of this phrase must be taken to be that, *even in* cases where there has been such a waiver, etc. To hold otherwise would be actually and ofttimes materially to penalize a distressed debtor for the very reason that he *had not waived* his homestead and exemption rights. Our conclusion is fortified by the language of the constitution itself, which sections 3413 and 3414, relied on by plaintiff in fi. fa, merely state in providing a method of procedure. Article 9, section 3, of the constitution (Civil Code of 1910, § 6584) provides as follows: "The debtor shall have power to waive or renounce in writing his right to the benefit of the exemption provided for in this article, except as to wearing apparel, and not exceeding three hundred dollars worth of household and kitchen furniture and provisions, to be selected by himself and his wife, if any; and he shall not, after it is set apart, alienate or incumber the property so exempted, but it may be sold by the debtor and his wife, if any, jointly, with the sanction of the judge of the superior court of the county where the debtor resides or the land is situated, the proceeds to be reinvested upon the same uses." It thus seems apparent that the constitutional purpose was to give the husband and wife the right to select and set apart the "three hundred dollars

worth of household and kitchen furniture and provisions," irrespective of any prior waiver. No such narrow language is employed as is used by section 3414 in its effort to merely state the substance of the constitutional provision in order to provide a method of procedure. See, in this connection, *McFarlin* v. *Reeves,* 10 *Ga. App.* 581 (2) (73 S. E. 862). The court did not err in so holding.

█ As to the remaining question involved, we quote the learned and talented judge of the superior court as follows: "The next and controlling question in the case is whether or not a piano is furniture within the meaning of the above referred to code sections. Counsel for the plaintiff in certiorari lays considerable stress upon the words 'furniture as selected by the head of the family.' I do not think that these words aid in the construction. It comes right back to the word 'furniture' in connection with the other language of the code sections. In my opinion the word 'furniture' would not include a work of art, nor does it mean those things in the house which appeal to intellectual enjoyment, or the gratification of refined taste or social pleasures. Certainly one is to be commended for providing for his family such instruments or other things that add to the pleasure and entertainment of his household. At the same time, such things are luxuries and not actual necessities. In my opinion, the General Assembly intended only to protect a man as to those articles of household furniture necessary for the use of his family and himself. 'Furniture' as referred to in the code sections means beds, chairs, tables, cooking utensils, stove to cook on, and other necessary things for the existence of his family. This question has never been passed on by a Georgia court. However, it has been passed upon by the courts of Vermont and Wisconsin and others, in which States there are statutes exempting furniture, etc. almost exactly in language as that used in the Georgia statutes. In all of these cases, and especially one in Michigan, the identical question was raised and decided as that presented in this case. In the Michigan case, the court said, 'A piano is not household goods, furniture, and utensils, within the meaning of the statute classifying household property.'"

The foreign authorities are divided upon this question. While Corpus Juris states the rule that "pianos are generally not considered articles of household furniture, *within the meaning of the*

*term as used in the exemption laws"* (italics ours), and cites as its authority the Vermont, Wisconsin, and Michigan cases, referred to by the judge trying the certiorari, it appears from the text and from the cases cited that, in some of the States, there are statutory or constitutional provisions limiting the exemption to furniture "necessary for upholding life" (Vermont) or "necessary for the use and comfort of the family," or some such equivalent expression. As stated by Corpus Juris, "Even in States where only necessary furniture is exempt, there is authority for holding a piano exempt, where there is a statutory limit to the amount of the exemption, and all the furniture claimed, including the piano, is within the limit, as well as in States which fix no limit to the amount of household furniture exempt." 25 C. J. 43, 44 (§ 67); Conklin *v.* McCauley, 41 App. Div. 452 (58 N. Y. S. 879); Cook *v.* Fuller, 35 Okl. 339 (130 Pac. 140, Ann. Cas. 1914D, 507, 44 L. R. A. (N. S.) 76, and notes); McCoy *v.* Thompson (Tex. Civ. App.), 138 S. W. 1062; Alsup *v.* Jordan, 69 Tex. 300 (6 S. W. 831, 5 Am. St. R. 53); Phillips *v.* Phillips, 151 Ala. 527 (44 So. 391, 125 Am. St. R. 40, 15 Ann. Cas. 157). See also 4 Words & Phrases, 3361, 3014, 3015, and cases cited; 2 Bouvier's Law Dictionary, Rawle's 3d Rev., 1462, 1326, and citations; as showing, irrespective of exemption statutes, that the term "household furniture" includes a piano.

Especially would the exemption of a piano seem to be permissible in this State, where the statute not only fails to limit the household furniture to articles such as are necessary to maintain life, or are necessary for the use and comfort of the family, or any such equivalent expression, but the statute, on the contrary, goes further than merely to omit such an expression, and expressly provides that the debtor and his wife are privileged themselves to "select" and set apart the articles of household furniture which they desire to be exempted. It would seem that under the Georgia law the exemption is limited by amount rather than by the nature of the articles, except under the general term "household and kitchen furniture." But even if the question of luxury should be taken as the determining factor, as in some foreign jurisdictions, under the terms of their exemption statutes, has been held to be the case, it does not seem to us even then that a piano should be adjudicated to be such. It may often be the sole means of obtaining a livelihood.

It may constitute, far more than pots and kettles or manufactured tables, the one sustaining comfort of life. To many, as some one has said, "Music is the universal language of mankind." The instrument of its expression, even if not used as a means of livelihood, might well be the last possession with which one would be willing to part. Especially then, under the terms of our own statute, it would seem altogether reasonable that a debtor and his wife would be privileged to "select and set apart" a piano as a portion of the household furniture which they most desire to retain, provided only that the exemption remains within the limit of the three hundred dollars prescribed.

*Judgment reversed.   Stephens and Sutton, JJ., concur.*