## THEODORE P. SHELDON v. ELIZA J. ROUNDS.

*Conflict of jurisdiction—Exemptions in bankruptcy.*

The bankruptcy court has exclusive jurisdiction of suits to determine an assignee's right to property, where the right is disputed under the exemption clause of the bankrupt law (Rev. Stat. U. S., § 5045). This is so, at least, where a selection or valuation is necessary for setting apart the exempted property.

An assignee in bankruptcy, like a sheriff levying execution, is entitled to at least temporary control of exempted property until it can be set apart from the rest.

When an assignee in bankruptcy has sold property, his authority as assignee ceases, and his neglect to deliver it is a personal breach of duty, not official.

Where no recovery can be had under the bill of particulars, a new trial is not granted on reversal.

Error to Kalamazoo.    Submitted January 30.    De-
cided April 8.

ASSUMPSIT.    Defendant brings error.

*Breese & Stearns* for plaintiff in error.

*E. M. Irish* for defendant in error.

COOLEY, J.    Defendant in error is and was in April,
1877, the wife of Charles L. Rounds.   Her husband pre-
vious to the time named, had been engaged in mercan-
tile business in partnership with one Shakespeare, and
the copartnership went into bankruptcy in that month.
Plaintiff in error was then appointed assignee in bank-
ruptcy, and took possession of their stock as such.   The
question soon arose whether each of the partners was
entitled to an exemption from the stock of two hundred
and fifty dollars in value, under Comp. L., § 6101,
clause 8.*

Rounds claimed the full exemption on his own be-
half, but the assignee refused to allow more than one
exemption to the two partners, and proceeded to make
sale of the property.    Mrs. Rounds thereupon brought
action under Comp. L., § 4805, which permits the wife
to bring suit in her own name for property which the
law exempts as against the debts of the husband.   The
assignee denied the jurisdiction of the circuit court, but
that court decided against him.    The question of juris-
diction is therefore the first question presented by the
record in this court.

The right to the exemption is claimed under sec. 5045
of Revised Statutes of U. S., 1873, which after providing

---

*The section is as follows: "The following property shall be
exempt from levy and sale under any execution, or upon any other
final process of a court:    *    *    *

*Eighth.* The tools, implements, materials, stock, apparatus, team,
vehicle, horses, harness, or other things, to enable any person to
carry on the profession, trade, occupation, or business in which he
is wholly or principally engaged, not exceeding in value two hun-
dred and fifty dollars."

that there shall be excepted from the operation of the conveyance to the assignee, such property, among others, "as is exempted from levy and sale upon execution or other process or order of any court by the laws of the state in which the bankrupt has his domicile at the time of the commencement of the proceedings in bankruptcy, to an amount allowed by the constitution and laws of each state, as existing in the year eighteen hundred and seventy-one," goes on to provide that "These exceptions shall operate as a limitation upon the conveyance of the property of the bankrupt to his assignee; and in no case shall the property hereby excepted pass to the assignee, or the title of the bankrupt thereto be impaired or affected by any of the provisions of this title; and the determination of the assignee in the matter shall, on exception taken, be subject to the final decision of the said court."

It is argued that, as the statute excepts the exempt property from the transfer to the assignee, any disposition of it by the assignee is a conversion, and may be dealt with like any other conversion by the court having jurisdiction of common law actions.

This argument does not fully cover the case. It is true that the assignee never obtains title to the exempt property, and if the exemption were of some specific chattel or chattels, where neither selection nor valuation was required, perhaps the assignee might be held to be a trespasser if he intermeddled with it. But where the exemption is of one article to be selected from many, or of property to a certain valuation, to be set apart from a larger quantity, the necessity that the possession and control should pass for the time being to the assignee must often be imperative. If he does not have the title to the whole, he must at least have temporary dominion over it, in order that the exemption may be measured or set out. The statute of the State contemplates that when a sheriff makes levy upon property from which an exemption is to be taken, he shall levy upon and appraise the whole (Comp. L., § 6102), and the section of the bankrupt act from which an extract is above made, plainly intends that the assignee shall take a corres-

ponding possession. The first decision upon the exemption is to be made by him, with a right of appeal to the bankrupt court.

The bankrupt act, therefore, contemplates that the court in which the bankrupt proceedings are had shall have jurisdiction where exemptions are claimed. But no recognition of that fact in the statute could be needful to give jurisdiction, since the court would have it as a necessary incident to the settlement of the bankrupt estate. For though the claim to exempt property is not strictly a claim of something from the estate, it is a claim to property of which the assignee must have official possession for a time, and any dispute respecting it would involve the question of the extent of the estate, and of the assignee's duty and responsibility in insisting upon or yielding what he had been disposed to claim. And as in the exercise of his official duties he must be subject to the direction and control of the court that appointed him, it must follow that that court would have jurisdiction in the matter of exemptions. But if that court has jurisdiction at all, and the assignee is to be the moving party in setting out the exempt property, the jurisdiction must be exclusive, for his action or non-action would pertain to his official duties, and over these no other court could have control or supervision to any extent whatever. Moreover, if suits for the recovery of exempt property or its value might be brought in the common law courts, these collateral suits would have a tendency to interfere with, prejudice and delay the settlement of bankrupt estates, and the bankrupt court, though manifestly the proper court to take cognizance of and settle controversies of the sort, might be delayed indefinitely in the main litigation while collateral controversies were being determined, and would thus, to some extent, be made subordinate in bankrupt matters to the common law courts.

We are referred by counsel for defendant in error to *Ives v. Tregent*, 29 Mich., 390, as a case which settles

the point of jurisdiction in her favor. The cases are not analogous. The gravamen of the complaint there was that the assignee, after having sold property as such, refused to make delivery. In respect to that property, his duties and authority as assignee ceased when the sale was made, and when he refused afterwards to perform his contract, the breach of duty was personal, not official. The case of *Voorhies v. Frisbie*, 25 Mich., 476, is more in point. It was there held that suits by an assignee in bankruptcy, the right to maintain which is only given by the bankrupt law, cannot be instituted in the State courts. The right which is in question here must also be regarded as a right under the bankrupt law.

The judgment must be reversed, with costs of both courts. As no recovery can be had under the bill of particulars filed in the court below, a new trial will not be awarded.

The other Justices concurred.