### SMITH *v.* ZACHRY.

The points made and insisted on in this case are fully discussed, and decided adversely to the contentions of the plaintiff in error, in the case of *Evans* v. *Rounsaville*, ante, 684.

Submitted May 1, — Decided June 10, 1902.

Affidavit of illegality. Before Judge Longley. City court of LaGrange. September 13, 1901.

*E. T. Moon*, for plaintiff in error.
*B. H. Hill* and *H. A. Hall*, contra.

LITTLE, J. On the trial of certain issues arising on the interposition of an affidavit of illegality by Smith, to the levy of two executions in favor of Zachry on certain land as the property of Smith, an agreed statement of facts to the following effect was submitted by the parties: In October, 1898, Zachry obtained two judgments against Smith in the county court of Troup county, on which executions were issued and levied on eighty acres of land as the property of Smith, on November 12, 1898. The defendant filed a voluntary petition in bankruptcy on November 4, 1899. The plaintiff did not appear in the bankrupt court nor attempt to prove his claim against the defendant. Smith was properly discharged as a bankrupt on October 13, 1900. The affidavit which was interposed by Smith was based on two grounds: "1. Because the executions are barred, having been killed and paid by deponent's

·discharge in bankruptcy on October 13, 1900.　2. Because said described land levied on was set apart to deponent," by the trustee in bankruptcy, "as a homestead," and this action of the trustee was approved by the court.　Subsequently Smith by leave of the court struck the second ground contained in his affidavit of illegality, and on the hearing the court overruled the affidavit of illegality on the remaining ground, and ordered the fi. fa. to proceed. To this judgment of the court Smith excepted, and assigned the same as error.　We affirm the judgment of the court below.　The only issue to be passed upon by us is whether the judgments obtained by Zachry more than a year before Smith was adjudicated a bankrupt lost their lien on the property levied on.　For reasons fully set out in the opinion this day delivered in the case of *Evans* v. *Rounsaville*, ante, 684, the ruling of the trial judge was right, and his judgment is

*Affirmed. All the Justices concurring, except Lewis, J., absent.*