## In re WEAVER.

(District Court, N. D. Georgia, N. W. D.   December 8, 1904.)

1. BANKRUPTCY—WITHHOLDING OF DISCHARGE—ENFORCEMENT OF JUDGMENT AGAINST EXEMPT PROPERTY.

Under the decision of the Supreme Court of Georgia that the lien of a judgment, although obtained within four months of the filing of a petition in bankruptcy by the defendant, is not lost as between the judgment creditor and the bankrupt, so as to prevent the levy of an execution issued on the judgment on property set apart as exempt by the court of bankruptcy, the discharge of the bankrupt cannot affect the rights of the judgment creditor with respect to such lien, and there is no reason why discharge should be withheld until he has enforced his judgment.

2. SAME—JUDGMENT LIEN.

The lien of a judgment on exempt property, which under the law of the state remains in force notwithstanding the bankruptcy of the defendant, is not affected by the fact that the creditor proved his judgment in the bankruptcy proceedings, where he was allowed by the court to withdraw such proof without prejudice.

In Bankruptcy.   On application for discharge and motion by creditor for stay.

M. B. Eubanks, for bankrupt.

Paul H. Doyal and W. H. McHenry, for objectors.

NEWMAN, District Judge.   The question presented in this case is an interesting one.   The bankrupt has made application for discharge.   A judgment creditor, whose judgment was obtained within four months of the institution of the bankruptcy proceedings, asks that the discharge be stayed to enable him to enforce his judgment against exempt property, under the practice stated in Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061.

The Supreme Court of Georgia, in McKenney v. Cheney, 118 Ga. 387, 45 S. E. 433, decided that the lien of a judgment, although obtained within four months of the filing of the petition in bankruptcy by the defendant, was not lost as between the judgment creditor and the bankrupt so as to prevent the levy of the execution issuing on such judgment on property set apart as exempt by the court of bankruptcy.   In this case the judgment was proven in bankruptcy, but by leave of the court the plaintiff in the judgment was allowed to withdraw the same from proof, without prejudice, for the purpose of proceeding against the property which had been set apart by the trustee as exempt.   If the proof of a judgment, in view of its subsequent withdrawal from proof by leave of the court, does not affect the lien which the judgment would have as against exempt property as if it had not been proven at all, then no reason exists why the bankrupt should not have his discharge, because, as determined in McKenney v. Cheney, supra, and rightly determined I think, the discharge in bankruptcy would be no bar to the enforcement of such judgment against the exempt property.   I am wholly unable to see how the proof of a judgment could in any way affect the lien the judgment would otherwise have, where, by leave of the court, it was

withdrawn from proof. It was proven in bankruptcy as a judgment, and withdrawn by the terms of the order as a judgment. While it is true that, as this judgment was obtained within four months, it could only have participated in the assets to be administered by the court of bankruptcy on a parity with general creditors, because, as against other creditors, the lien was dissolved by virtue of the proceeding in bankruptcy, still I do not see how the lien of the judgment would be otherwise affected.

Besides this, it is manifest that the intention of the court, in Lockwood v. Exchange Bank, was to give the creditors holding waiver notes, and without judgment, an opportunity to reduce their claims to judgment. For this purpose it was indicated that a postponement of the discharge would be proper. It does not apply, in my opinion, to judgment creditors whose rights, whatever they may be, have already been fixed by the rendition of a judgment, when that judgment appears to have become, as in this case, a finality between the parties. In this case the judgment creditor came into the bankruptcy court, proved his debt, and then, by leave of the court, was allowed to withdraw his debt from proof in the bankruptcy proceeding, for the express purpose of enforcing his judgment outside of the bankruptcy court. It may be gravely questioned whether he is in a position to come into the bankruptcy proceeding now, after what has occurred, and object to the bankrupt's discharge. After once choosing his forum, he, by leave of court, withdrew from it, and it seems to me that he should now abide by whatever rights he has outside of, and independently of, the bankruptcy proceeding.

Believing, as I do, that the judgment in this case would be just as effective against exempt property as if it had never been proven in bankruptcy, and as in this view the discharge in bankruptcy will not affect its lien or the right to enforce it under the decisions of the state court, there is no reason for delaying the discharge; consequently the motion to further stay the bankrupt's discharge is denied, and the clerk is directed to enter the discharge.