McBRIDE <em>et al. v.</em> GIBBS.

1. A discharge in bankruptcy under the act of 1898, as amended, does not affect the lien of a general judgment nor the lien of a mortgage obtained more than four months prior to the filing of the petition in bankruptcy, relatively to property set apart as exempt under the bankrupt's claim of homestead exemption, although holders of such liens may have proved their claims in bankruptcy.

2. Where in a voluntary petition in bankruptcy a claim is made for a statutory homestead exemption of money from the general estate of the

bankrupt, a court of bankruptcy has jurisdiction to order a sale of land upon which liens exist, divested of liens, and to provide that the liens shall attach to the proceeds of sale. Where a part of the proceeds of such sale is set apart for the bankrupt upon his claim of exemption, liens against which the right of exemption had been waived will follow such fund.

No. 715. September 13, 1918.

Equitable petition. Before Judge Graham. Montgomery superior court. November 12, 1917.

On May 26, 1914, H. J. Gibbs executed a mortgage on described realty to E. T. McBride "to secure a debt of $898 principal, besides interest," and the mortgage was duly recorded two days after the date of its execution. In May, August, and September of the same year, general judgments for stated amounts were obtained against H. J. Gibbs by other creditors. The mortgage contained a waiver of homestead exemption and the several judgments were based on notes containing similar waivers. On his voluntary petition in bankruptcy H. J. Gibbs was adjudged a bankrupt on March 8, 1915. In his petition he claimed a homestead exemption of $1600 out of his estate. On September 29, 1915, the several above-mentioned creditors filed "proofs of their respective claims and liens" in the court of bankruptcy, and on the same day an order was granted by that court for the sale of the mortgaged realty, the order providing that the land should be sold "free and clear of all liens, and that all liens . . attach to the proceeds of . . sale." The land was sold for $4000, from which amount $1600 was set apart on the bankrupt's claim of exemption, and the balance was paid out on claims of higher dignity against the bankrupt; so that none of the above mentioned creditors received anything upon their respective claims. On December 22, 1915, an equitable suit was instituted in the State court by one of the creditors mentioned, the others joining subsequently by intervention, for the appointment of a receiver for the $1600 held by the trustee for the bankrupt on his claim of exemption, and to apply it to plaintiff's debts according to their several priorities, on the ground that, the bankrupt having waived his right of exemption as to their several debts, the money was subject to their liens. While the action was pending in the State court, the bankrupt, on May 18, 1916, received his discharge in bankruptcy, none of the plaintiffs having taken any action in the court of bankruptcy to delay the

discharge.   On the trial of the equity suit before the judge without a jury, the defendant's only plea being his discharge in bankruptcy, the judge, upon the pleadings and evidence as indicated above, rendered a judgment generally for the defendant; and plaintiffs excepted.

*W. M. Lewis* and *Pattillo & Jackson,* for plaintiffs.

*Lankford & Rogers, A. C. Saffold,* and *Eschol Graham,* for defendant.

ATKINSON, J.   (After stating the foregoing facts.)

1.   In this State mortgages and attachments are liens on specific property from their dates (Civil Code, §§ 3256, 5124), and general judgments are liens from their dates on all property of the defendant.   (Civil Code, § 5946.)   A discharge in bankruptcy under section 17 (a) of the bankruptcy act of 1898 as amended, with specified exceptions, operates upon all provable debts as defined in section 63 (a) of the act.   Included among provable debts as there defined is "a fixed liability as evidenced by a judgment or other instrument in writing absolutely owing at the time of the filing of the petition."   In an attachment case arising since the act of 1898 it was held, in *Evans* v. *Rounsaville,* 115 *Ga.* 684 (42 S. E. 100), that discharge in bankruptcy terminated all personal liability, but did not affect the lien which had attached to the property before the petition in bankrutcy was filed.   Similar rulings have been made with reference to the liens of general judgments obtained since the passage of the bankruptcy act of 1898, supra: *Smith* v. *Zachry,* 115 *Ga.* 722 (42 S. E. 102); *Philmon* v. *Marshall,* 116 *Ga.* 811 (43 S. E. 48); *McKenney* v. *Cheney,* 118 *Ga.* 387 (5), 396 (45 S. E. 433); *Camp* v. *Young,* 119 *Ga.* 981 (47 S. E. 560); *Kener* v. *LaGrange Mills,* 135 *Ga.* 730 (70 S. E. 245).   And in other cases under the act of 1867: *Dozier* v. *Mc-Whorter,* 113 *Ga.* 584 (39 S. E. 106); *Bush* v. *Lester,* 55 *Ga.* 579, and citations.   The case of *Camp* v. *Young,* supra, involved the lien of a mortgage and also the lien of a general judgment, and the ruling extended to both.   In the several cases mentioned the character of the lien was not regarded as important.   It was deemed sufficient that the lien was valid and subsisting.   See also Loveland on Bankruptcy, § 427.   A discharge of personal liability under section 17(a) of the bankruptcy act of 1898 arises by force of the statute; not from any act of the creditor.   A discharge of a lien

from property to which it has attached never occurs, but may be satisfied or otherwise lost by the conduct of the creditor. If he proves his claim in bankruptcy he invites application of the doctrines of waiver and estoppel, and will be concluded by the action of the court of bankruptcy so far as it disposes of property affected by his lien. It is similar to the effect of a sale by a sheriff in virtue of a lien. In such a case the creditor can not again assert his lien on the same property as against the purchaser. It was in this view that the several decisions cited above, in holding that the discharge extended to personal liability but not to liens which had attached to property of the bankrupt, referred specifically to the fact that the creditor had not proved his claim in bankruptcy. Such references were not necessary to the decisions rendered, and were obiter, as in no instance was the case one in which the creditor had proved his claim in bankruptcy. The dicta on that subject in the cases cited above, since the act of 1898, follow the former decisions under the act of 1867, without noticing the omission of section 21 (relative to waiver by proof of claims) of the older act from the act of 1898, or the added clause in section 17(a) of the act of 1898, where a provable debt duly scheduled would be discharged, whether or not it was proved in bankruptcy, if the creditor "had notice or actual knowledge of the proceedings in bankruptcy." It has never been held in a case where a creditor proved his claim in bankruptcy that the discharge of the bankrupt affected a lien on property which the bankrupt claimed as exempt. Section 70(a) of the act of 1898 excepts property which is lawfully claimed by the bankrupt as exempt, and does not confer upon the court of bankruptcy jurisdiction to administer it or to deal with it further than to set it apart. Lockwood v. Exchange Bank, 190 U. S. 294 (23 Sup. Ct. 751, 47 L. ed. 1061); Bush v. Lester, 55 Ga. 579; In re Dittmar (C. C. A.), 249 Fed. 606. There is no principle upon which it could be said that by proof of his claim in bankruptcy a lien creditor would waive or be estopped from asserting his lien in a court of competent jurisdiction against property which the court of bankruptcy did not have jurisdiction to administer or did not pretend to administer for the benefit of creditors. The doctrine of inconsistent remedies would not be involved. In such a case the court of bankruptcy would not have disposed of the property as between the creditors

or as between the debtor and creditors, and there would be no action upon the part of the court to estop or conclude the holder of the lien. The case of *Fort-Mims &c. Co.* v. *Branan-Akers Co.*, 140 *Ga.* 131 (78 S. E. 721), did not involve the point now under consideration. The bankrupt in that case had not claimed an exemption. Among cases in which it has been held that liens affecting property set apart in a court of bankruptcy as exempt may be enforced against such property after the discharge of the bankrupt, by a creditor in favor of whom the debtor had waived his right of exemption, are McDonald v. Taylor (N. Y. App. Div.), 26 Am. B. R. 635; Realty Co. v. Gioshio (Pa. Ct. Com. Pl.), 27 Am. B. R. 58; Newberry Shoe Co. v. Collier, 111 Va. 288 (68 S. E. 974, 25 Am. Bank. R. 130) ; Gregory v. Cale, 115 Minn. 508 (133 N. W. 75, 37 L. R. A. (N. S.) 156) ; Loveland on Bankruptcy, § 427. Because the lien would not be affected, it has been held that the court of bankruptcy would not stay a discharge of the bankrupt upon the application of a creditor having a lien upon the property set apart to the bankrupt as exempt (In re Weaver, 144 Fed. 229) ; and conversely, that a creditor holding a waiver of exemption from his debtor, but having no lien, may apply for a stay of discharge in a court of bankruptcy, and the State Court will impound the property set apart in a court of bankruptcy upon the claim for exemption, and subject it to the plaintiff's demand when he obtains a lien. *Bowen* v. *Keller*, 130 *Ga.* 31 (60 S. E. 174, 124 Am. St. R. 164) ; *Bell* v. *Dawson Grocery Co.*, 120 *Ga.* 628 (48 S. E. 150). Applying the statutes and principles above announced, the liens of the plaintiffs upon the property claimed as exempt in this case were not affected by the discharge in bankruptcy, and, being based on demands relatively to which the debtor had waived his right of exemption, could be enforced in the State court against such property after the discharge in bankruptcy.

2. It is contended that if the liens were not extinguished as against the property set apart as exempt, they were lost on account of the sale of the land, and could not be enforced against the proceeds of sale. The reply is that the bankrupt applied for a statutory exemption of money from his general estate. A court of bankruptcy, having jurisdiction to set apart the money claimed as exempt, could order a sale of the land from which the money was to be derived, unincumbered, and direct that the liens attach to the proceeds of sale. Sheldon v. Round, 40 Mich. 425; Black on

Bankruptcy, § 249; 7 C. J. 23, § 359; Loveland on Bankruptcy, § 428. Proof of their claims in bankruptcy was consent of such creditors to the sale of the property discharged of liens.

*Judgment reversed. All the Justices concur.*