## 17697. HULSEY *v.* FORRESTER.

1. "A plaintiff may pursue any number of consistent concurrent remedies against different persons until he obtains a satisfaction from some of them." Civil Code (1910), § 5522; *McLendon* v. *Finch*, 2 *Ga. App.* 421, 423 (58 S. E. 690); *Board of Education* v. *Day*, 128 *Ga.* 156 (57 S. E. 359. In the instant case the right of the defendant to set off damages growing out of the plaintiff's alleged conversion of property pledged as collateral security was not barred by the defendant's previous suit against the warehouseman for an alleged breach of the contract of storage in permitting the removal of the property, there having been no final disposition of the latter suit, and satisfaction not having been obtained from the warehouseman. The concurrent remedies thus pursued are not inconsistent, since the suit against the warehouseman did not amount to a ratification of the plaintiff's alleged conversion of the property, but was based upon the cause of action arising by reason of the breach of the warehouseman's contract of storage in permitting such conversion.

2. The defendant is entitled to set up as a defense all claims against the plaintiff of a similar nature with the plaintiff's demand. Civil Code (1910), § 5521; *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921, 923 (41 S. E. 74). As a general rule, a tort can not be set up in defense against a suit on a contract. *Strickland* v. *Bank of Cartersville*, 141 *Ga.* 565, 566, 575 (81 S. E. 886). In construing the nature of the defendant's counter-claim, "while, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts in such a case, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action." *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (3) (108 S. E. 311). Under such a rule of construction the answer of the defendant must be construed as a counter-claim for damages on account of the plaintiff's breach of his contract.

3. "Where there has been an actual conversion of the pledged property, the defendant pledgor, in a suit against him by the pledgee for the balance of the debt, is entitled to recoup the difference between the amount for which the pledgee sold the property in violation of the express or implied contract of pledge and the actual value of the prop-

Abatement and Revival, 1 C. J. p. 75, n. 17; p. 78, n. 47; p. 79, n. 59.

Actions, 1 C. J. p. 1015, n. 37; p. 1120, n. 49, 50; p. 1121, n. 51.

Appeal and Error, 4 C. J. p. 649, n. 36; p. 650, n. 55.

New Trial, 29 Cyc. p. 818, n. 30; p. 819, n. 31; p. 820, n. 35.

Pledges, 31 Cyc. p. 869, n. 79, 81.

Pleading, 31 Cyc. p. 78, n. 95; p. 79, n. 4.

Recoupment, Set Off and Counterclaim, 37 Cyc. p. 652, n. 69; p. 707, n. 84.

erty on the date of sale." *Southern Exchange Bank* v. *Langston*, 33
*Ga. App.* 477, 478 (1 *a*) (127 S. E. 230) ; *Campbell* v. *Redwine*, 22 *Ga.
App.* 455 (3) (96 S. E. 347). See especially *Bennett* v. *Tucker*, 32
*Ga. App.* 288 (123 S. E. 165, 167), and cit. In the instant case, it
appearing that the jury returned a verdict not for the actual value of
the property on the date of its conversion, but for its highest proven
subsequent value, the verdict in the amount rendered was unauthorized
by the evidence and was contrary to the charge of the judge, who in-
structed the jury that the defendant "would have a right to a judg-
ment for the value of the property at the time of the conversion."

4. There was evidence from which the jury could have found that a part-
nership existed between the plaintiff and the person who removed the
cotton from the warehouse. The instructions of the court on that the-
ory, complained of as being unauthorized by the evidence, are not dealt
with, for the reason that such questions are not likely to arise on a
subsequent trial.

.DECIDED APRIL 16, 1927.

Complaint; from city court of Gainesville—Judge Sloan. Sep-
tember 10, 1926.

*A. C. Wheeler,* for plaintiff.

*Pearce Matthews, W. N. Oliver,* for defendant.

JENKINS, P. J. Hulsey sued Forrester on a promissory note,
claiming a balance due, including interest and attorney's fees, of
$311.27. Forrester admitted a prima facie case, pleading that on
May 1, 1922, he signed the note sued on for $700, due thirty days
after date, and that he paid thereon in cash the sum of $525 on
January 14, 1924. By his plea it is alleged that at the time the
note was given he deposited with the plaintiff, as collateral secur-
ity, warehouse receipts for eleven bales of cotton, and that the
plaintiff, acting through his partner, Sams, did on May 11, 1922,
convert to his own use three of these bales of cotton, which would
have been worth 35-3/4 cents per pound at the time he sold the
remaining eight bales, on November 26, 1923. He pleads such
conversion by way of recoupment, and asks judgment for the dif-
ference between the amount due on the note and the alleged value
of the converted cotton. There was evidence from which the jury
could have found that Sams, by whom the cotton was shipped from
the warehouse, was the partner of the plaintiff in the cotton pur-
chasing business, and the evidence is undisputed that the plaintiff
received the proceeds from the sale of the three bales. At the time
the cotton in dispute was removed from the warehouse and shipped
by Sams it was worth nineteen cents per pound. It appears, from
the evidence, that on January 29, 1924, prior to the filing of this

suit, the defendant filed suit against the warehouse company for a breach of its contract in failing to deliver the cotton to the defendant, which suit is still pending.

The jury returned a verdict in favor of the defendant for $177.40, and, the plaintiff's motion for a new trial being overruled, he excepted.

*Judgment reversed. Stephens and Bell, JJ., concur.*