19399.    TARVER *v.* BENEFICIAL LOAN SOCIETY OF MACON.

STEPHENS, J.    1. In a written instrument executed by a borrower of money, which conveys to the lender title to personal property as security for the debt, a provision that the borrower agrees to hold the property as "bailee" for the lender until the debt is paid does not, on payment of the debt, operate to divest the lender of the fee. It can, on payment of the debt, do no more than deprive the property of its contractual status as a bailment and leave the parties in the situation in which they would have been had this provision not been inserted in the contract, namely, a situation in which the legal title, on payment of the debt, is not, by virtue of any provision of the contract, revested in the borrower. Since this provision does not operate as a defeasance, its presence in the instrument does not operate to characterize the instrument as a mortgage.

2. Where a person borrowed money, and, to secure the payment thereof, executed to the lender a written instrument in which it was recited that described personal property was thereby deeded, sold, and conveyed to the lender to secure the loan, and that the instrument was "a deed conveying title to secure the  .  .  loan," and that "a bond to reconvey is this day taken," and the instrument contained no defeasance clause, and where in fact the lender executed to the borrower a bond, conditioned to reconvey the property to the borrower on payment of the debt, the instrument was a bill of sale of personal property to secure a debt, and was not a mortgage. Civil Code (1910), § 3306; *Ellison*

v. *Wilson,* 7 *Ga. App.* 214 (66 S. E. 631); *Owens v. Bridges,* 13 *Ga. App.* 419 (79 S. E. 225). The setting aside of the property afterwards, as being exempt from levy and sale by virtue of the homestead and exemption laws, in no wise affected the previously acquired title of the lender. Where, after a levy upon the property under a proceeding to foreclose the bill of sale as provided in section 3298 of the Civil Code of 1910 as amended by an act approved August 15, 1921 (Ga. L. 1921, p. 114), the borrower filed a claim to the property, upon the ground that it was exempt from levy and sale by virtue of the homestead and exemption laws, and where it appeared from the claim filed that the property levied upon was impressed with exemption after the borrower had executed the bill of sale to secure the debt to the lender, the court did not err in dismissing the claim on demurrer and allowing the levy to proceed.

3. Although the bill of sale may have been executed as security for a loan of $300 with interest at the rate of 3-1/2% per month, authorized under the "small-loan act" approved August 17, 1920 (Ga. L. 1920, p. 215; 8 Park's Code Supp. 1922, § 1770), and even though it be assumed that loans of money made pursuant to the provisions of that act can not be secured by a bill of sale passing title to personalty, and which, therefore, is not a mortgage, the borrower, in setting up exemption of the property from levy by virtue of the homestead and exemption laws, does not attack the validity of the lender's security, but sets up an exemption which he claims supersedes the lender's security, upon the ground that, as contended by the borrower, the instrument securing the lender was a mortgage and not a bill of sale passing title to the property to the lender as security for the debt.

4. The judge of the municipal court properly dismissed the claim, on demurrer, and the judge of the superior court properly refused to sanction the petition for certiorari presented by the claimant.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided April 11, 1929. Rehearing denied May 18, 1929.

*E. F. Goodrum,* for plaintiff in error.
*Park & Strozier, A. Edward Smith,* contra.