21839. DOVER v. YOUNG.

DECIDED JULY 29, 1932.

John B. Guerry, for plaintiff in error. Jule W. Felton, contra.

JENKINS, P. J. This was a garnishment proceeding which was submitted to the trial judge upon an agreed statement of facts. It appears that the plaintiff obtained a common-law judgment based on a note containing a waiver of homestead, and filed affidavit and bond for garnishment and had summons of garnishment served upon the garnishee. More than four months thereafter the defendant was adjudicated a bankrupt. The plaintiff proved his claim in the bankrupt court, and received payment in full of the principal and interest up to the date of the adjudication in bankruptcy. Prior to the adjudication in bankruptcy the garnishee answered not indebted, and his answer was traversed. It was agreed on the trial that the garnishee had in his hands sufficient funds, subject to the garnishment, to pay the balance due the plaintiff on his execution. The defendant was never discharged in bankruptcy, but applied for and had set apart and paid to him $1600 for a homestead. The trial judge entered judgment against the garnishee for the balance due on the plaintiff's claim, and to that judgment exception is taken. The garnishee contends that the plaintiff waived his lien under the garnishment proceeding by proving his claim in the bankrupt court and receiving payment of the principal of the debt and interest to the date of the adjudication; and that the plaintiff had received satisfaction of his claim from the bankrupt court, and his cause of action was therefore at an end.

1. "There is no principle upon which it could be said that by proof of his claim in bankruptcy a lien creditor would waive or be

estopped from asserting his lien in a court of competent jurisdiction against property which the court of bankruptcy did not have jurisdiction to administer or did not pretend to administer for the benefit of creditors. The doctrine of inconsistent remedies would not be involved. In such a case the court of bankruptcy would not have disposed of the property as between the creditors or as between the debtor and creditors, and there would be no action upon the part of the court to estop or conclude the holder of the lien." *McBride* v. *Gibbs,* 148 *Ga.* 380, 383 (96 S. E. 1004). Accordingly, since the bankrupt court did not administer the fund which the agreed statement of facts stipulates was held by the garnishee subject to the summons of garnishment, the plaintiff in fi. fa. could not be said to have waived his lien as against such fund by asserting his claim in the bankrupt court.

2. "A plaintiff may pursue any number of consistent concurrent remedies against different persons until he obtains a satisfaction from some of them." Civil Code (1910) § 5522; *Board of Education of Glynn County* v. *Day,* 128 *Ga.* 156 (57 S. E. 359); *Hulsey* v. *Forrester,* 36 *Ga. App.* 729 (137 S. E. 904). While it is thus the general rule that when a plaintiff pursuing consistent concurrent remedies has obtained full satisfaction from one source, his cause of action ends, and he will not be permitted to assert it further (*McLendon* v. *Finch,* 2 *Ga. App.* 421 (3), 427 (58 S. E. 690), in the instant case it appears from the agreed statement of facts that the amount received by the plaintiff from the bankrupt court was less than full satisfaction of his claim. Since, so far as appears from the record, there may have been other claims before the bankrupt court of equal or superior dignity to that of the plaintiff, and it can not, therefore, be said as a matter of law that the plaintiff was entitled to payment of his claim in full from the funds administered by the trustee in bankruptcy, it can not be said that the amount received was accepted by him as in full satisfaction of the claim. Accordingly, the right of the plaintiff to pursue the consistent remedy under the garnishment proceeding was not barred by full satisfaction of the claim from another source.

3. Under the foregoing rulings, the trial court did not err in entering judgment for the plaintiff.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*