24208.  WILBANKS *v.* WARDLAW *et al.*

JENKINS, P. J.   1. Prior to the act of August 8, 1924 (Ga. L. 1924, p. 57; Park's Code, § 3414(a); Michie's Code, § 3414(1)), providing a simple mode of setting apart the three hundred dollars worth of household and kitchen furniture and provisions, allowed under sections 3413 and 3414 of the Civil Code (1910), by merely filing a schedule thereof with the ordinary without any application or publication, it was necessary, in order for such an exemption to be effectual against a waiver, that it be set apart in the manner provided by section 3378 of the Civil Code, applicable to the full sixteen-hundred-dollar constitutional exemption, that a petition with a list of creditors be filed, that notice of application be published, and that creditors be notified. *Brown* v. *Scarborough,* 158 *Ga.* 301, 303 (123 S. E. 605); *Miller* v. *Almon,* 123 *Ga.* 104, 107 (50 S. E. 993). "Since that act, however, a debtor may obtain the benefit of sections 3413 and 3414, supra, by merely proceeding in the summary and ex parte manner pointed out in that act." *Kemp* v. *Swainsboro Ice & Fuel Co.,* 47 *Ga. App.* 99 (169 S. E. 700); *Sanders* v. *General Motors Acceptance Cor.,* 43 *Ga. App.* 374 (158 S. E. 646). In the instant foreclosure against personalty, the debtor's claim of exemption was not illegal because the three hundred dollars worth of property claimed was not set apart in the manner provided by section 3378.

2. "It is optional to take either the exemption provided by § 3416" of the Civil Code, known as the statutory, short, or pony homestead, "or the exemption declared in § 3414, . . but one can not take both of the exemptions." *McFarlin* v. *Reeves,* 10 *Ga. App.* 581 (2) (73 S. E. 862); Civil Code, § 6585. The two exemptions are distinct. As to the three hundred dollars worth of household and kitchen furniture and provisions allowed by sections 3413 and 3414, when properly claimed and set apart in the manner provided by the act of 1924, supra, no waiver of exemption will prevail; but under section 3413, a waiver will be effective against any other benefit "provided for by the constitution and laws of this State." Where, therefore, the defendant debtor in the instant case filed with the ordinary a schedule designated as a "pony homestead," expressly claiming an exemption, not under sections 3413 and 3414, but "under section 3416," and included in his schedule land and live-stock permitted by the latter but not by the former sections, this was an option or election to take a statutory or short exemption. Consequently, even though the property was scheduled as "of the value of not more than $300," the schedule would not support a claim based on the three-hundred-dollar exemption of sections 3413 and 3414, so as to prevent a waiver of exemption contained in the debtor's bill of sale to secure debt from becoming effective. For this reason, the court did not err in directing a verdict against the debtor's claim of exemption.

3. The court properly directed a verdict against the claim of exemption for the additional reason that, title to the exempted property having already passed to the vendees by the bill of sale to secure debt, executed by the debtor, the debtor could not thereafter claim an exemption against them from such property. *Mozley* v. *Fontana*, 124 *Ga.* 376 (52 S. E. 443); *Watts* v. *Wight Investment Co.*, 25 *Ga. App.* 291 (3) (103 S. E. 184); *Tarver* v. *Beneficial Loan Society*, 39 *Ga. App.* 646 (2) (148 S. E. 288). The fact that the vendees, as authorized by the Code, § 3298, foreclosed the bill of sale "in the same manner as mortgages on personal property are now foreclosed under the laws of this State," did not change the character of the instrument to that of an ordinary chattel mortgage, or effect a revesting of the title in the debtor, or constitute a waiver of the rights and priorities of the vendees as holders of the title. See British & American Mortgage Co. *v.* Worrill, 168 Fed. 120 (2), 124-125, and cit.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 2, 1935.

*George W. Westmoreland,* for plaintiff in error.
*Rupert A. Brown,* contra.