**In re Nadine MEADOWS, Debtor.**

**Nadine MEADOWS, Plaintiff,**

**v.**

**BARCLAYS AMERICAN CORPORATION, formerly known as Home Credit Company of Georgia, Inc., Defendant.**

**Bankruptcy No. 80–02879A.**
**Adv. No. 80–0817A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

March 23, 1981.

Richard N. Barg, Barg & Bussey, Atlanta, Ga., for plaintiff.

Richard R. Cheatham and R. David Ware, Kilpatrick & Cody, Atlanta, Ga., for defendant.

ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On September 16, 1980, the above-referenced plaintiff filed a complaint to avoid a lien in various items of household goods and furnishings held by the defendant by virtue of a nonpurchase-money security interest in

these items securing a loan balance of $1,200.00. The complaint alleges that the security interest impairs exemptions to which the debtor would otherwise be entitled under 11 U.S.C. § 522(b) and is therefore avoidable under 11 U.S.C. § 522(f)(2). On October 15, 1980, the defendant filed an answer and on November 5, 1980, the defendant filed a motion for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure as applied to this Court by Rule 712, Rules of Bankruptcy Procedure. The matter comes before this Court on that motion for judgment on the pleadings.

The defendant argues that the plaintiff is not entitled to void its nonpossessory, non-purchase-money security interest in the debtor's household goods because the lien does not impair an exemption to which the debtor would otherwise be entitled. The defendant bases its argument on a line of pre-Uniform Commercial Code Georgia cases which hold that previously encumbered property may not be exempted under old Georgia exemption law. See *McBride v. Gibbs*, 148 Ga. 380, 96 S.E. 1004 (1918); *Wilbanks v. Wardlaw*, 50 Ga.App. 495, 178 S.E. 466 (1935); *Rose v. Crane Heating Co.*, 198 Ga. 295, 31 S.E.2d 717 (1944).

The Court finds the defendant's reliance upon these cases to be inapposite. The first case cited by the defendant is *McBride v. Gibbs, supra*. In that case the defendant, who had been discharged in bankruptcy, was attempting to assert his $1,600.00 homestead exemption against a fund derived from a bankruptcy sale of his property. The Court denied the application for exemption because the defendant had previously waived his right of exemption. The fact that most liens survived under the Bankruptcy Act of 1898 is not at all inconsistent with the avoidance of nonpossessory, nonpurchase-money security interests in household goods and furnishings under 11 U.S.C. § 522(f). The federal law has been changed. Inasmuch as the *McBride* case is an explanation of the federal law in existence at that time, its precedential value has obviously been greatly reduced since the effective date of the Bankruptcy Reform Act of 1978.

The second case cited by the defendant, *Wilbanks v. Wardlaw, supra*, involved the denial of the debtor's application for a homestead exemption of household goods based upon the grounds, *inter alia*, that the debtor lacked title to the goods in question. The lack of title emanated from the type of security arrangement entered into with the creditor, i. e. a bill of sale to secure debt with title reserved in the creditor. The adoption of the Uniform Commercial Code in Georgia has destroyed the precedential value of this case. Ga.Code § 109A–1–207 provides as follows:

> "... the retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (§ 2–401) is *limited in effect to a reservation of a security interest.*"

Since the denial of the exemption was based upon the grounds that the debtor lacked title to the goods in question, that case is not applicable under modern Georgia law. *Rose v. Crane Heating Co., supra*, rests upon the same principles regarding title as the *Wilbanks* case except that it is in the context of a deed to secure debt on real property.

The preceding discussion indicates the extent to which the creditor's argument has been undercut by modern commercial law. However, even if this were not the case, the principle of federal supremacy, applied through the bankruptcy clause of the Constitution, forbids the state from frustrating the intent of Congress by such an interpretation of state law. *In re Curry*, 5 B.R. 282 (Bkrtcy.N.D.Ohio 1980). Congress never intended for the states to have the power to opt out of 11 U.S.C. § 522(f)(2) despite the grant of authority to states to determine the amount of exemptions which they could allow. See 11 U.S.C. § 522(b)(1). This conclusion is supported by one of the leading treatises on bankruptcy law:

> "Though the property on which liens that may be avoided is the same as several of the exemptions allowed by the Code, a debtor who claims the state exemption

may avoid a lien in such property to the extent that such an exemption is allowed by the state. Subsection (f) grants this avoiding power with regard to any exemption allowed under subsection (b) including the state option. *The avoiding power of subsection (f) is independent of any exemption.* In addition, *if a state opts out of the federal exemption, it does not affect the debtor's power under subsection (f).* 3 *Collier on Bankruptcy* ¶ 522.29, p. 522–69 (15th ed. 1980) [emphasis added].

The Court, therefore, finds that the property in question is property in which the debtor would otherwise be entitled to an exemption. Therefore,

IT IS HEREBY ORDERED AND ADJUDGED that the defendant's motion for judgment on the pleadings shall be and is denied.