In re Mattie MITCHELL, Debtor.

Mattie MITCHELL, Plaintiff,

v.

FINANCE ONE OF AMERICA, Defendant.

In re Donald W. HALL and Lucile E. Hall, Debtors.

Donald W. HALL Lucile E. Hall, Plaintiffs,

v.

FINANCE ONE, Defendant.

In re James S. PERROW and Roby H. Perrow, Debtors.

James S. PERROW Roby H. Perrow, Plaintiffs,

v.

HOUSEHOLD FINANCE CORPORATION, Defendant.

In re Henry W. MILLS, Jr. and Marie Jane Mills, Debtors.

Henry W. MILLS, Jr. Marie Jane Mills, Plaintiffs,

v.

COMMERCIAL CREDIT, Defendant.

In re Ronald Gary HALL, Debtor.

Ronald Gary HALL, Plaintiff,

v.

FINANCE ONE, Defendant.

In re Joe E. STUBBLEFIELD and Vicki L. Stubblefield, Debtors.

Joe E. STUBBLEFIELD Vicki L. Stubblefield, Plaintiffs,

v.

FINANCE ONE, Defendant.

In re Alfreda M. CARPENTER, a/k/a Alfreda M. Springer, Debtor.

Alfreda M. CARPENTER, a/k/a Alfreda M. Springer, Plaintiff,

v.

FINANCE ONE, Defendant.

In re Alan Ira BECKER, Debtor.

Alan Ira BECKER, Plaintiff,

v.

FIRST BANK OF HABERSHAM d/b/a Charge Card Dept., Defendant.

In re Melvin MILLWOOD and Deborah Millwood, Debtors.

Melvin MILLWOOD Deborah Millwood, Plaintiffs,

v.

FINANCE ONE, Defendant.

Bankruptcy No. 82–00309A.
Adv. No. 82–0274A.*

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Nov. 16, 1982.

* Also Bankruptcy Nos. 82–00430A, 82–00148A, 82–01639A, 82–01786A, 82–01520A, 82–02123A, 82–01163A and 82–02730A and Adv.

Paul C. Parker, Decatur, Ga., for plaintiff.

Richard V. Karlberg, Jr., Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

These cases are before the Court on seven (7) of the above-referenced plaintiffs' respective motions for summary judgment and seven (7) of the above-referenced defendants' cross-motions for summary judgment arising out of their respective complaints to avoid liens as contemplated by 11 U.S.C. § 522(f). *Becker v. First Bank of Habersham d/b/a Charge Card Dept.,* Case No. 82–1338A, was taken under advisement by the Court after a trial held on August 12, 1982 on the plaintiff's complaint to avoid lien. *Perrow v. Household Finance Corporation,* Case No. 82–0385A, is before the Court on the defendant's motion for summary judgment arising out of the plaintiff's complaint to avoid lien. In all of the above-styled cases, except *Becker v. First Bank of Habersham,* the defendants hold nonpossessory, nonpurchase-money security interests in the plaintiffs' household goods and furniture. In *Becker v. First Bank of Habersham,* the plaintiff is seeking to avoid a judicial lien which the plaintiff alleges impairs an exemption in certain of the plaintiff's property. Each of the above-referenced debtors is before the Court because they have filed a voluntary Chapter 13 petition. The issue which is present in all of the above-styled adversary proceedings is whether the provisions of 11 U.S.C. § 522(f) are applicable to a Chapter 13 proceeding.

11 U.S.C. § 522(f) provides that:

Nos. 82–0295A, 82–0385A, 82–0979A, 82–0981A, 82–1161A, 82–1162A, 82–1338A and 82–1504A.

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(a) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor ..."

The above-referenced defendants assert that: (1) an interest of the debtor should be interpreted to mean a debtor's equity in property; and (2) that the phrase "would have been entitled" necessarily means that state law would allow the assertion of an exemption to have priority over a preexisting security interest or that an exemption would have to be taken for this section to take effect.

## EQUITY IS NOT REQUIRED FOR A DEBTOR TO AVOID A LIEN UNDER § 522(f) OF THE BANKRUPTCY CODE

█ Several of the defendants have relied on the cases of *McBride v. Gibbs,* 148 Ga. 380 (1918), 96 S.E. 1004 (1918), *Wilbanks v. Wardlaw,* 50 Ga.App. 495, 178 S.E. 466 (1935), and *Rose v. Crane Heating Company,* 198 Ga. 295, 31 S.E.2d 717 (1944) in making the assertion that the term "interest" contained in § 522(f) of the Bankruptcy Code necessarily requires a debtor to have an equity interest as a pre-condition of lien avoidance. The cases on which the defendants rely have little, if any, precedential value concerning the issue presented in the case *sub judice.* This Court has had occasion to address the applicability of *McBride, supra, Wilbanks, supra,* and *Rose, supra,* before. In *In re Meadows,* 9 B.R. 882 (Bkrtcy.N.D.Ga.1981), this Court stated the following regarding the applicability of those cases to the issue presented in the case *sub judice.*

The defendant argues that the plaintiff is not entitled to void its nonpossessory, nonpurchase-money security interest in the debtor's household goods because the lien does not impair an exemption to which the debtor would otherwise be entitled. The defendant bases its argument on a line of pre-Uniform Commercial Code Georgia cases which hold that previously encumbered property may not be exempted under old Georgia exemption law. See *McBride v. Gibbs,* 148 Ga. 380, 96 S.E. 1004 (1918); *Wilbanks v. Wardlaw,* 50 Ga.App. 495, 178 S.E. 466 (1935); *Rose v. Crane Heating Co.,* 198 Ga. 295, 31 S.E.2d 717 (1944).

The Court finds the defendant's reliance upon these cases to be inapposite. The first case cited by the defendant is *McBride v. Gibbs, supra.* In that case the defendant, who had been discharged in bankruptcy, was attempting to assert his $1,600.00 homestead exemption against a fund derived from a bankruptcy sale of his property. The Court denied the application for exemption because the defendant had previously waived his right of exemption. The fact that most liens survived under the Bankruptcy Act of 1898 is not at all inconsistent with the avoidance of non-possessory, nonpurchase-money security interests in household goods and furnishings under 11 U.S.C. § 522(f). The federal law has been changed. Inasmuch as the *McBride* case is an explanation of the federal law in existence at that time, its precedential value has obviously been greatly reduced since the effective date of the Bankruptcy Reform Act of 1978.

The second case cited by the defendant, *Wilbanks v. Wardlaw, supra,* involved the denial of the debtor's application for a homestead exemption of household goods based upon the grounds, *inter alia,* that the debtor lacked title to the goods in question. The lack of title emanated from the type of security arrangement entered into with the creditor, i.e. a bill of sale to secure debt with title reserved in the creditor. The adoption of the Uni-

form Commercial Code in Georgia has destroyed the precedential value of this case. Ga.ode § 109A–1–207 provides as follows:

'... the retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (§ 2–401) is *limited in effect to a reservation of a security interest.*'

Since the denial of the exemption was based upon the grounds that the debtor lacked title to the goods in question, that case is not applicable under modern Georgia law. *Rose v. Crane Heating Co., supra,* rests upon the same principles regarding title as the *Wilbanks* case except that it is in the context of a deed to secure debt on real property.

These defendants cite in support of the assertion that interest means equity in § 522 the legislative history to § 722 of the Bankruptcy Code. § 722 allows a debtor to redeem

"tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under § 522 of this title ..."

The legislative history to § 722 states that the debtor's "right to redeem extends to the whole of the property, not just the debtor's exempt interest in it." H.R. No. 95–595, 95th Cong., 1st Sess. (1977) 380–381, U.S. Code Cong. & Admin.News 1978, pp. 5787, 6336–37. A numerical example is set forth in the legislative history showing that a debtor could redeem a vehicle valued at $2000 subject to a $1,200 lien even where his equity interest in the car is only $800. The legislative history concludes stating that "this section permits him to pay the holder of the lien $1,200 and redeem the entire car, not just the remaining $700 of his exemption." *Id.* This example is not inconsistent with a determination that a debtor's interest in property is not limited to a debtor's equity in said property. This Court also notes that it has recently ruled that 11 U.S.C. § 522(f) enables a debtor to avoid a lien on property in which he has no equity. *Maddox v. Southern Discount Company (In the Matter of Maddox),* Adversary No. 80–1042A (B.C.N.D.Ga., June 10, 1982). Finally, even if the Georgia exemption statute, *Ga.Code* § 51–1301.1 (1979) evidenced an intent on the behalf of the Georgia legislature to limit a debtor's lien avoidance capacity to the debtor's equity interest in property, "the principle of federal supremacy, applied to the bankruptcy clause of the Constitution, forbids the state from frustrating the intent of Congress by such an interpretation of state law." *In re Meadows, supra,* at 883; *In the Matter of Maddox, supra,* at 5; see also 3 *Collier on Bankruptcy* ¶ 522.29, pp. 522–69 (15th ed. 1980).

## APPLICABILITY OF 11 U.S.C. § 522(f) TO A CHAPTER 13 PROCEEDING

■ Section 522(f) of the Bankruptcy Code allows a debtor to avoid a lien to the extent that such lien impairs an exemption "to which the debtor would have been entitled ..." This language does not explicitly limit the applicability of § 522 to only those cases in which an exemption is actually taken—i.e. Chapter 7 proceedings. Furthermore, 11 U.S.C. § 103 specifically provides that "Chapters 1, 3, and 5 of this title apply in a case under Chapter 7, 11, or 13 of this title." These two Code sections, when read together, indicate that the lien avoidance provisions of § 522(f) are applicable to Chapter 13 proceedings.

Some of the above-referenced defendants and certain Courts have held that the specific provisions of Chapter 13 should control over the general provisions of Chapters 1, 3, and 5. See *In the Matter of Aycock,* 15 B.R. 728 (Bkrtcy.E.D.N.C.1981). An example of this is § 1306(b), which provides that the debtor shall remain in possession of all property of the estate in a Chapter 13 case, while § 521 provides that if a trustee is serving in a case, a debtor is to surrender all property of the estate to the trustee. In the instant case, certain defendants have alleged that § 1325(a)(5)(B), which provides that:

"With respect to each allowed secured claim provided for by the plan—

(a) the holder of such claim has accepted the plan; (or)

(b)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;"

is inconsistent with § 522(f). At least one Court has held that § 1325(a)(5)(B) conflicts with § 522(f). *In the Matter of Aycock, supra.* The Court in *Aycock* addressed the distinction between Chapters 13 and 7, noting that a Chapter 13 debtor receives a so-called super discharge under § 1328(a) and that a Chapter 13 debtor retains his property by the payment of his debts, while a Chapter 7 debtor retains some property for purposes of having a real opportunity at a "fresh start" by way of exemptions in certain property. The *Aycock* Court then used these distinctions as a basis for its holding.

This Court is not of the view that §§ 1325(a)(5)(B) and 522(f) are inconsistent. To the extent that § 522 avoids a lien, then there is no lien to be retained securing a claim. One Court has held that the avoidance of a lien goes to the remedy and not to the validity of the lien, and that only if the debt is discharged can a lien not be enforceable. See *In the Matter of Lantz,* 7 B.R. 77 (Bkrtcy.S.D.Ohio 1980) at p. 80. The Court in *Lantz* continued, finding further that since a lien is claimed only to the extent of the creditor's interest in the *estate's* interest [emphasis added] in such property (11 U.S.C. § 506), and because exempt property is not property of the estate, these lien creditors would be unsecured creditors except to the extent that the value of these assets exceed the allowable exemptions applicable thereto. This Court is persuaded by the view of the Court in *Lantz* in finding that § 522(f) is applicable to Chapter 13 proceedings.

Therefore, for the above-stated reasons, the relief sought by the above-referenced debtors in their respective motions for summary judgment and complaints is granted,

the defendant's motion for summary judgment being denied in Case No. 82–0385A.

IT IS SO ORDERED.